UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Commodity Futures Trading Commission, <br><br> Plaintiff, <br><br> v. <br><br> Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi, <br><br> Defendants. | Plaintiff Commodity Futures Trading Commission's *Ex Parte* Motion To Seal Case On A Temporary Basis Pursuant to Civ. L.R. 5.3 <br><br> Civil Action No. _____ |

The Commodity Futures Trading Commission ("Commission" or "CFTC"), by and through its counsel, respectfully moves this Court for an Order sealing this entire civil action—including all pleadings, motions, orders, or other filings—for a limited period as described below, and pursuant to Section 6c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1(a), and Local Rule 5.3.

District of New Jersey Local Rule 5.3(c) provides that a court, in ruling on a motion to seal, shall consider, in relevant part: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.  Each of these factors supports the Commission's request here to seal this entire case on a temporary basis.

The nature of this proceeding is a regulatory enforcement action brought by a government regulatory agency—the CFTC—for the public benefit.  In its complaint,

the CFTC charges Defendants with an ongoing massive fraud involving retail foreign exchange ("forex") and retail commodity transactions in violation of Section 4b(a)(2)(A), (C) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 6b(a)(2)(A), (C), and Commission Regulation ("Regulation") 5.2(b)(1), (3), 17 C.F.R. § 5.2(b)(1), (3), as well as other Act and Regulation violations.

The materials that the CFTC seeks to file under a temporary seal are the complaint, and also, importantly, the CFTC's *Ex Parte* Motion for Statutory Restraining Order and Preliminary Injunction Pursuant to 7 U.S.C. § 13a-1 ("SRO Motion") and supporting materials. In the SRO Motion, the CFTC seeks an *ex parte* statutory restraining order preventing Defendants from: (1) withdrawing, transferring, removing, dissipating, or disposing of any funds, assets, or other property, *i.e.*, an asset freeze; (2) destroying, altering, mutilating, or disposing of any books, records, or other documents; and (3) refusing to permit authorized representatives of the CFTC to inspect, when and as requested, any books, records, or other documents. The SRO Motion also seeks the appointment of a temporary receiver to take possession of Defendants' assets and to secure books and records. In furtherance of the SRO Motion, the CFTC is also filing, contemporaneously herewith, *ex parte* motions for excess pages and for expedited discovery, which the CFTC also requests be maintained temporarily under seal.

There is a public interest in maintaining the CFTC's complaint, SRO Motion, and related filings under seal to prevent Defendants from dissipating or expatriating assets before the Court rules on the SRO Motion and, if such motion is granted, enters

the requested asset freeze. There is a particular risk of Defendants doing that here because: (1) Defendant Kazmi, who controls the corporate Defendants, currently resides in Canada; and (2) Defendant Kazmi routinely uses proceeds from Defendants' fraud to fund a luxury lifestyle with extravagant purchases, (*see* Edelstein Decl. to SRO Motion ¶¶ 5–46; Burden Decl. to SRO Motion, Exs. A-8, A-35, A-36). Should Defendants move or dissipate their assets, this would seriously harm victims' interests and frustrate the entire purpose of the statutory restraining order. Indeed, 7 U.S.C. § 13a-1(a) specifically provides for the Commission to request and obtain a restraining order on an *ex parte* basis. The only way to achieve the purpose of such an *ex parte* restraining order, however, is if the entire case—including the Complaint, the motion for *ex parte* restraining order and supporting papers, the motion for expedited discovery, any orders the Court may issue in response, and any other filing remain under seal until: (1) the Court rules on the Commission's motion for *ex parte* statutory restraining order, and if granted, (2) the Commission serves the order on financial institutions and entities through which Defendants maintain assets (*e.g.* payment process servers), and those entities confirm they have frozen Defendants' assets; and (3) all Defendants are served with process and the SRO Motion and related orders.

Further, the Commission is aware of no less restrictive alternative here, and it believes its request to seal the entire case is warranted and appropriately tailored, particularly given that the case would only be sealed on a temporary basis. As set forth above, the case need only be sealed—and the CFTC will move to un-seal it—

3

once Defendants' assets are frozen and Defendants are served.

Accordingly, the Commission respectfully requests that the entire case—including the Complaint, the motion for *ex parte* statutory restraining order and its attachments, the motion for expedited discovery, and any other pleadings filed or orders issued—be sealed for a short period to allow the Court to act on the Commission's application and, if granted, to allow counsel to the Commission to serve the Order on Defendants' financial institutions and other entities in which Defendants' assets are held, and confirm the accounts are secure.

After the financial institutions and other entities confirm that the accounts have been secured and the Commission serves Defendants with the Complaint, the Commission will move this Court to unseal this case and make the proceedings public.

| | |
|---|---|
| August 28, 2023 | Respectfully Submitted, |

s/ *Katherine S. Paulson*

Katherine S. Paulson
Commodity Futures Trading Commission
Division of Enforcement
77 West Jackson Blvd.
Suite 800
Chicago, IL 60604
(312) 554-4559
kpaulson@cft.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Commodity Futures Trading Commission, <br><br> Plaintiff, <br><br> v. <br><br> Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi, <br><br> Defendants. | Plaintiff Commodity Futures Trading Commission's *Ex Parte* Motion To Seal Case On A Temporary Basis Pursuant to Civ. L.R. 5.3 <br><br> Civil Action No. _____ |

The Commodity Futures Trading Commission ("Commission" or "CFTC"), by and through its counsel, respectfully moves this Court for an Order sealing this entire civil action—including all pleadings, motions, orders, or other filings—for a limited period as described below, and pursuant to Section 6c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1(a), and Local Rule 5.3.

District of New Jersey Local Rule 5.3(c) provides that a court, in ruling on a motion to seal, shall consider, in relevant part: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available. Each of these factors supports the Commission's request here to seal this entire case on a temporary basis.

The nature of this proceeding is a regulatory enforcement action brought by a government regulatory agency—the CFTC—for the public benefit. In its complaint,

the CFTC charges Defendants with an ongoing massive fraud involving retail foreign exchange ("forex") and retail commodity transactions in violation of Section 4b(a)(2)(A), (C) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 6b(a)(2)(A), (C), and Commission Regulation ("Regulation") 5.2(b)(1), (3), 17 C.F.R. § 5.2(b)(1), (3), as well as other Act and Regulation violations.

The materials that the CFTC seeks to file under a temporary seal are the complaint, and also, importantly, the CFTC's *Ex Parte* Motion for Statutory Restraining Order and Preliminary Injunction Pursuant to 7 U.S.C. § 13a-1 ("SRO Motion") and supporting materials. In the SRO Motion, the CFTC seeks an *ex parte* statutory restraining order preventing Defendants from: (1) withdrawing, transferring, removing, dissipating, or disposing of any funds, assets, or other property, *i.e.*, an asset freeze; (2) destroying, altering, mutilating, or disposing of any books, records, or other documents; and (3) refusing to permit authorized representatives of the CFTC to inspect, when and as requested, any books, records, or other documents. The SRO Motion also seeks the appointment of a temporary receiver to take possession of Defendants' assets and to secure books and records. In furtherance of the SRO Motion, the CFTC is also filing, contemporaneously herewith, *ex parte* motions for excess pages and for expedited discovery, which the CFTC also requests be maintained temporarily under seal.

There is a public interest in maintaining the CFTC's complaint, SRO Motion, and related filings under seal to prevent Defendants from dissipating or expatriating assets before the Court rules on the SRO Motion and, if such motion is granted, enters

the requested asset freeze. There is a particular risk of Defendants doing that here because: (1) Defendant Kazmi, who controls the corporate Defendants, currently resides in Canada; and (2) Defendant Kazmi routinely uses proceeds from Defendants' fraud to fund a luxury lifestyle with extravagant purchases, (*see* Edelstein Decl. to SRO Motion ¶¶ 5–46; Burden Decl. to SRO Motion, Exs. A-8, A-35, A-36). Should Defendants move or dissipate their assets, this would seriously harm victims' interests and frustrate the entire purpose of the statutory restraining order. Indeed, 7 U.S.C. § 13a-1(a) specifically provides for the Commission to request and obtain a restraining order on an *ex parte* basis. The only way to achieve the purpose of such an *ex parte* restraining order, however, is if the entire case—including the Complaint, the motion for *ex parte* restraining order and supporting papers, the motion for expedited discovery, any orders the Court may issue in response, and any other filing remain under seal until: (1) the Court rules on the Commission's motion for *ex parte* statutory restraining order, and if granted, (2) the Commission serves the order on financial institutions and entities through which Defendants maintain assets (*e.g.* payment process servers), and those entities confirm they have frozen Defendants' assets; and (3) all Defendants are served with process and the SRO Motion and related orders.

    Further, the Commission is aware of no less restrictive alternative here, and it believes its request to seal the entire case is warranted and appropriately tailored, particularly given that the case would only be sealed on a temporary basis. As set forth above, the case need only be sealed—and the CFTC will move to un-seal it—

once Defendants' assets are frozen and Defendants are served.

Accordingly, the Commission respectfully requests that the entire case—including the Complaint, the motion for *ex parte* statutory restraining order and its attachments, the motion for expedited discovery, and any other pleadings filed or orders issued—be sealed for a short period to allow the Court to act on the Commission's application and, if granted, to allow counsel to the Commission to serve the Order on Defendants' financial institutions and other entities in which Defendants' assets are held, and confirm the accounts are secure.

After the financial institutions and other entities confirm that the accounts have been secured and the Commission serves Defendants with the Complaint, the Commission will move this Court to unseal this case and make the proceedings public.

| | |
|---|---|
| August 28, 2023 | Respectfully Submitted, |

s/ *Katherine S. Paulson*

Katherine S. Paulson
Commodity Futures Trading Commission
Division of Enforcement
77 West Jackson Blvd.
Suite 800
Chicago, IL 60604
(312) 554-4559
kpaulson@cft.gov

4