UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>                     Plaintiff,<br><br>               v.<br><br>Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi,<br><br>                     Defendants. | **Plaintiff Commodity Futures Trading Commission's** *Ex Parte* **Motion For Expedited Discovery**<br><br>Civil Action No. _____ |

Pursuant to Federal Rules of Civil Procedure 26(d)(1), 30(a) and (b), and 45, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") hereby moves this Court for an order authorizing the CFTC to engage immediately in certain expedited discovery, including granting the CFTC specific authority to commence written and oral discovery as described below, and to shorten the time for responses thereto otherwise specified by the Federal Rules of Civil Procedure or any local rules. In support of this Motion for Expedited Discovery ("Motion"), the CFTC states as follows:

      1.     As set out in the Complaint in the above-captioned action, the CFTC has charged that Defendant Murtuza Kazmi and his two companies, Defendants Trader Global Group Inc., a New Jersey corporation, and Traders Global Group Inc., a Canadian business organization (collectively, "Defendants"), have engaged, and continue to engage, in a large-scale fraud scheme involving retail foreign exchange ("forex") and retail commodity transactions in violation of the Commodity Exchange

Act ("Act"), 7 U.S.C §§ 1-26, and Commission Regulations ("Regulations"), 17 C.F.R. pts. 1-190.

2.   Accordingly, the CFTC has filed, contemporaneously with the Complaint and this Motion, an *Ex Parte* Motion for a Statutory Restraining Order and Preliminary Injunction ("SRO Motion") pursuant to 7 U.S.C. 13a-1 ("SRO Motion"), seeking preliminary relief to freeze Defendants' assets and appoint a temporary receiver and, after a hearing, enjoin Defendants' violative conduct.

3.   Rule 26(d)(1) of the Federal Rules of Civil Procedure expressly authorizes the Court to grant requests for expedited discovery.  *See* FED. R. CIV. P. 26(d)(1) (timing of discovery may be altered "when authorized by these rules, by stipulation, or by court order"); *see also* FED. R. CIV. P. 30(a)(2) (stating a party, with leave of the court, may take depositions before the time specified in Rule 26(d)); *Strike 3 Holdings, LLC v. Doe*, No. 23-01403, 2023 WL 3321427, at *1 (D.N.J. Apr. 6, 2023) (granting, pursuant to Rule 26(d)(1), a party's request to issue third party subpoenas prior to a Rule 26(f) conference).  In evaluating whether to grant a party's motion for such expedited discovery, a court considers whether the party presents "good cause" for its request and considering "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Times Three Clothier, LLC v. Rack's OffPrice*, 2022 WL 3053946, at *2 (D.N.J. Aug. 3, 2022) (quoting *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

4.      Here, there is good cause to grant the CFTC expedited discovery.  As set forth in the SRO Motion and supporting papers, Defendants have been, and continue to be, engaged in a massive scheme to defraud retail customers, *i.e.*, regular people, on an industrial scale.  In addition, the CFTC's action seeks to freeze assets and appoint a temporary receiver to take possession of Defendants' assets and to secure books and records

5.      It is therefore highly likely that, once Defendants learn of the CFTC's civil action here and particularly if this Court grants the CFTC's SRO Motion, then Defendants may try to destroy financial and business records, and other documents.  It is also highly likely that Defendants will try to dissipate any assets not yet identified.  In order to prevent this, the CFTC requests that the Court permit it to immediately seek discovery from Defendants and third parties to, *inter alia*, identify aggrieved customers, locate any presently unknown accounts or assets belonging to Defendants, and obtain Defendants' communications, financial records, and data.

6.      Expedited discovery is also necessary and warranted to allow the CFTC to prepare for a hearing on the CFTC's Motion for Preliminary Injunction.  *See* FED. R. CIV. P. 26(d) Advisory Committee Notes accompanying 1993 Amendments to Subdivision (d) (recognizing that cases involving requests for a preliminary injunction are among the special instances in which expedited discovery prior to the time ordinarily allowed by Rule 26(d) of the Federal Rules of Civil Procedure is appropriate).

7. For the foregoing reasons, the CFTC requests leave to:

    a. require that Defendants produce, on an expedited basis, and in advance of any preliminary injunction hearing, any documents not otherwise required to be produced under any Statutory Restraining Order this Court may enter;

    b. require that Defendants submit to depositions on an expedited basis, and in advance of any preliminary injunction hearing;

    c. require that Defendants authorize, on an expedited basis, and in advance of any preliminary injunction hearing, disclosure of any of Defendants' electronic communications materials maintained with third-party internet service providers such as Microsoft, Discord, and Meta;

    d. issue subpoenas to third parties on an expedited basis for information related to Defendants' assets, accounts that Defendants' control, customer identities, Defendants' communications with customers, and Defendants' business interactions with third-parties;

    e. take depositions of such third parties, upon shortened notice, and in advance of any preliminary injunction hearing.

To this Motion, the Commission attaches a proposed Order consistent with these requests.

**WHEREFORE**, the CFTC respectfully requests that this Court enter an order authorizing expedited discovery as detailed above.

4

August 28, 2023                             Respectfully Submitted,

                                            s/ *Katherine S. Paulson*

                                            Katherine S. Paulson
                                            Commodity Futures Trading Commission
                                            Division of Enforcement
                                            77 West Jackson Blvd.
                                            Suite 800
                                            Chicago, IL 60604
                                            (312) 554-4559
                                            kpaulson@cft.gov