**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III, Esq. (asodono@msbnj.com)
Sari B. Placona, Esq. (splacona@msbnj.com)
*Attorneys for Anthony Sodono, III, Temporary Receiver*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRADERS GLOBAL GROUP INC., a New Jersey corporation, d/b/a "My Forex Funds"; TRADERS GLOBAL GROUP INC., a Canadian business organization; and MURTUZA KAZMI,<br><br>Defendants. | Civil Action No. 3:23-cv-11808-ZNQ-TJB |

**APPLICATION OF TEMPORARY RECEIVER FOR AUTHORIZATION TO EMPLOY NORTON ROSE FULBRIGHT US LLP AND NORTON ROSE FULBRIGHT CANADA LLP AS SPECIAL COUNSEL**

TO:   HONORABLE ZAHID N. QURAISHI
      UNITED STATES DISTRICT COURT JUDGE

Anthony Sodono, III, Temporary Receiver ("Temporary Receiver") for Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi (the "Receivership Defendants"), respectfully submits this application pursuant to L. Civ. R. 66.1 of the Local Civil Rules of the United States District Court for the District of New Jersey for entry of an Order authorizing the Temporary Receiver to retain Norton Rose Fulbright US LLP ("NRF US") and Norton Rose

Fulbright Canada LLP ("NRF CA" and together with NRF US, "NRF")[1] as his special counsel. In support of this application, the Temporary Receiver states as follows:

### Background

1. On August 29, 2023, the Court entered an Order Granting Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief (the "Order"). See Docket No. 13.

### Relief Requested and Basis Therefor

2. By this application, the Temporary Receiver seeks to retain and employ NRF US, with offices located at 1301 Avenue of the Americas, New York, New York 10019-6022 and throughout the United States, and NRF CA, with offices located at 222 Bay Street, Suite 3000, Toronto, Ontario M5K 1E7, Canada and throughout Canada, as his special counsel to assist the Temporary Receiver in matters relating to, among other things, communicating with the Ontario Securities Commission and, as needed, commencing proceedings in or otherwise appearing before Canadian courts, commissions, tribunals, and other authorities, and the recovery of estate assets including, but not limited to, cryptocurrency and digital assets.

3. The Temporary Receiver has been informed that all members of NRF US and NRF CA who will be engaged in this matter are attorneys duly admitted to practice in and are members in good standing in their applicable jurisdictions, including, for example, New York, New Jersey, and/or Ontario, Canada (or, in the case of first-year associates, law clerks, or trainees, are in the process of applying for admission), and, as needed, will seek the Court's permission to appear *pro hac vice* in the above-captioned proceeding.

---

[1] NRF US and NRF CA are separate legal entities and members of the Norton Rose Fulbright Verein, a Swiss Verein (the "NRF Verein"). The NRF Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

4. The Temporary Receiver has been informed that all members of NRF CA who will be engaged in this matter are attorneys duly admitted to practice in and are members in good standing of the Ontario Superior Court of Justice.

5. The Temporary Receiver has selected NRF on the basis of its considerable experience in the fields of, among others, litigation, general corporate law, receiverships, securities and commodities laws and regulations, reorganization and restructuring, insolvency, bankruptcy, cryptocurrency, digital assets, and related matters, including, but not limited to, NRF's expertise in cross-border restructuring and insolvency matters as well as Canadian securities law and proceedings before the Ontario Securities Commission and the Capital Markets Tribunal. The Temporary Receiver believes that NRF is well qualified to serve as his special counsel in this matter.

6. The professional services that NRF will render to the Temporary Receiver during the pendency of this case and any related matters or proceedings include, but shall not be limited to, assisting and advising the Temporary Receiver:

    (a) with respect to his powers and duties;

    (b) in taking exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the "Receivership Defendants";

    (c) in his oversight of completing a written inventory of all receivership assets;

    (d) in accessing and controlling cryptocurrency accounts and any other digital assets maintained by the Receivership Defendants;

    (e) to conserve, hold, and manage all receivership assets and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers including, but not limited to, obtaining an accounting of the assets and preventing the transfer, withdrawal, or misapplication of assets;

4883-8126-8352, v. 1

(f) in preventing the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with one or more Receivership Defendant;

(g) in communicating with the Ontario Securities Commission and commencing proceedings in or otherwise appearing before Canadian courts and other applicable Canadian authorities or proceedings (including, but not limited to, the Capital Markets Tribunal), if necessary; and

(h) by performing such other legal services for the Temporary Receiver as may be necessary and appropriate herein.

7. It is contemplated that NRF will be compensated for the services described herein at adjusted billing rates[2] and in accordance with their customary billing practices with respect to other charges and expenses. The current billing rates of attorneys of NRF US and NRF CA are set forth in the Certification of Eric Daucher filed contemporaneously herewith (the "Daucher Certification"). These hourly rates are subject to periodic adjustment to reflect economic and other conditions. Payment to NRF of any fees and/or disbursements incurred shall occur only upon notice to (i) the Commodity Futures Trading Commission; (ii) the Receivership Defendants and counsel; and (iii) other parties filing notices of appearance, unless the Court orders otherwise.

8. To the best of the Temporary Receiver's knowledge, and except as otherwise set forth in the Daucher Certification, neither NRF nor the NRF Verein has an interest materially adverse to the interests of the Commodity Futures Trading Commission, the Ontario Securities Commission, the Temporary Receiver, the Receivership Estate, or any known parties in interest or class of creditors of the Receivership Defendants in respect of the matters upon which NRF is to be engaged.

---

[2] Each of NRF US and NRF CA has agreed to a fifteen percent (15%) reduction to their respective standard hourly rates as set forth in the supporting Daucher Certification.

4883-8126-8352, v. 1

**WHEREFORE**, the Temporary Receiver respectfully requests that this Court enter the proposed order authorizing the retention of Norton Rose Fulbright US LLP and Norton Rose Fulbright Canada LLP as his special counsel and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  September 19, 2023

/s/  Anthony Sodono, III
Anthony Sodono, III
Temporary Receiver for Traders Global Group In., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi