# Exhibit 1

| | |
|---|---|
| **From:** | Dakota Speas |
| **Sent:** | Friday, September 15, 2023 1:35 PM |
| **To:** | Anthony Sodono |
| **Cc:** | Sari B. Placona; Diane Perrotta; Michele M. Dudas; Eric Daucher |
| **Subject:** | RE: Receivership/URGENT |

Anthony,

You cannot be held in contempt of an order that lacks a lawful basis.  It is concerning that you are insisting that Defendants transfer all of their assets to you immediately, without due process or a prior hearing, regardless what the Constitution or the CEA allows.

Best,
Dakota

**From:** Anthony Sodono <ASodono@MSBNJ.COM>
**Sent:** Friday, September 15, 2023 3:32 AM
**To:** Dakota Speas <dakotaspeas@quinnemanuel.com>
**Cc:** Sari B. Placona <SPlacona@MSBNJ.COM>; Diane Perrotta <DPerrotta@MSBNJ.COM>; Michele M. Dudas <MDudas@MSBNJ.COM>; Eric Daucher <eric.daucher@nortonrosefulbright.com>
**Subject:** Re: Receivership/URGENT

**[EXTERNAL EMAIL from asodono@msbnj.com]**

Dakota
Anyone can challenge an order but for now it is the law of the case and defendants are in contempt until a court of competent jurisdiction changes it.   I can only assume you agree with this basic premise.

Anthony Sodono III
McManimon, Scotland & Baumann
973-622-1800

> On Sep 14, 2023, at 10:57 PM, Dakota Speas <dakotaspeas@quinnemanuel.com> wrote:

> Anthony,

> I understand you are solely relying on the SRO.  But the SRO is not enforceable by judicial fiat alone; it must comport with the U.S. Constitution and the applicable statutory framework.  It does not.  For this reason, Defendants are will within their rights to challenge this order, and that is what we will do.

> Best,
> Dakota

**From:** Anthony Sodono <ASodono@MSBNJ.COM>
**Sent:** Thursday, September 14, 2023 3:19 PM
**To:** Dakota Speas <dakotaspeas@quinnemanuel.com>
**Cc:** Sari B. Placona <SPlacona@MSBNJ.COM>; Diane Perrotta <DPerrotta@MSBNJ.COM>; Michele M. Dudas <MDudas@MSBNJ.COM>; Eric Daucher <eric.daucher@nortonrosefulbright.com>
**Subject:** RE: Receivership/URGENT

**[EXTERNAL EMAIL from asodono@msbnj.com]**

Thank you for your reply.   In short, I am solely relying on the court order.  As you know, a court order controls and it is not up to the defendants to determine if they should comply or not.  The defendants continue to be in contempt of the court order.   I am imploring the defendants to assist in transferring the assets especially the Czech funds ASAP and providing Eric the information to do so.  Thank you

**Anthony Sodono, III, Member/Partner**
**Chair, Bankruptcy & Restructuring Group**
**McManimon, Scotland & Baumann, LLC**
**75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068**
**Direct Dial: 973-721-5038**
**Mobile: 732-236-9268**
**Email: ASodono@MSBNJ.COM**
**Website**

**Connect with MS&B on LinkedIn | Twitter | Instagram**
**From:** Dakota Speas <dakotaspeas@quinnemanuel.com>
**Sent:** Thursday, September 14, 2023 1:19 PM
**To:** Anthony Sodono <ASodono@MSBNJ.COM>
**Cc:** Sari B. Placona <SPlacona@MSBNJ.COM>; Diane Perrotta <DPerrotta@MSBNJ.COM>; Michele M. Dudas <MDudas@MSBNJ.COM>; Eric Daucher <eric.daucher@nortonrosefulbright.com>
**Subject:** RE: Receivership/URGENT

Anthony,

Good afternoon.  As I outlined in my email late last night, the parts of the *ex parte* order authorizing the Temporary Receiver to seize Defendants' assets—without a prior hearing or opportunity to be heard—are constitutionally deficient, and we are about to move the Court to modify the order on that basis.  Are you aware of any legal authority holding that pre-hearing, *ex parte* asset seizures by a receiver are permissible under the CEA?  If so, I would review and consider what you send me.

Having said that, Defendants will continue to respect the freezes applicable to their assets and not dissipate any funds until the Court orders otherwise.

I will ask my client about Gemini and CDO and revert with any responsive account information promptly.  I appreciate you bringing those accounts to my attention.

Best Regards,
Dakota

**From:** Anthony Sodono <ASodono@MSBNJ.COM>
**Sent:** Thursday, September 14, 2023 9:36 AM

**To:** Dakota Speas <dakotaspeas@quinnemanuel.com>
**Cc:** Sari B. Placona <SPlacona@MSBNJ.COM>; Diane Perrotta <DPerrotta@MSBNJ.COM>; Michele M. Dudas <MDudas@MSBNJ.COM>; Eric Daucher <eric.daucher@nortonrosefulbright.com>
**Subject:** Receivership/URGENT

**[EXTERNAL EMAIL from asodono@msbnj.com]**

Dakota

Good afternoon.   To follow up my 9/8 email and the call last night, the defendants are in contempt of the order requiring the turnover of all information and transfer the accounts.   The order leaves no misunderstanding requiring the transfer of funds.   Further, it leaves no room for a "joint" account holder, "joint" password or any "joint" authentication.   Also, please coordinate ASAP with Eric Daucher to transfer the Confirmo funds.   It is critical that the funds get transferred now to avoid any compromise of the funds.   Moreover, we have yet to receive a complete list of all bank accounts and assets despite asking several times.  For example, we have no information regarding funds that were or are in Gemini or the CDO Markets.  Whether there are funds or not we need the account information.

Anthony Sodono, III, Member/Partner
Chair, Bankruptcy & Restructuring Group
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068
**Direct Dial:** 973-721-5038
**Mobile:** 732-236-9268
**Email:** ASodono@MSBNJ.COM
Website

**Connect with MS&B on** LinkedIn | Twitter | Instagram

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message . If you have received the message in error, please advise the sender by reply e-mail or contact the sender at McManimon, Scotland & Baumann, LLC by phone at (973) 622-1800 and delete the message. Thank you very much.