# Exhibit A-7

| | |
|---|---|
| **From:** | Burden, Ashley |
| **To:** | Robert Zink; Michael Shaheen; Dakota Speas; anthonystaltari@quinnemanuel.com |
| **Cc:** | Streit, Elizabeth M.; Paulson, Katherine; ASodono@MSBNJ.COM; Sari B. Placona; Streit, Elizabeth M. |
| **Subject:** | RE: CFTC v. Traders Global Group Inc., et al., Case No. 3:23-cv-11808-ZNQ-TJB (D.N.J.) |
| **Date:** | Friday, September 8, 2023 2:41:00 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png |

Counsel:

Thank you for the call this afternoon. It was nice to speak with you, but the call did not allay our concerns about Defendants' ongoing violation of the SRO. Defendants have provided literally none of the items required to be disclosed, nor have Defendants cooperated with the Temporary Receiver or CFTC in any way. Not with logins, not with records, not with the transfer of funds.

I explained to you that the requested items (and in particular the schedule of logins and bank accounts due within 24 hours of the SRO) should be disclosed on a rolling basis, i.e., when they become available. You assured me that you understood this, and that you are withholding no information. This bad news. It is bad news because it suggests that Defendants have not yet provided you with any of that information.

Our promise to file a motion to hold Defendants in contempt stands. If we don't get at least some of the required disclosures by COB today, we have no choice. Please understand that we trust you completely, and we are confident that you are working to facilitate compliance with the SRO. We see no evidence Defendants are doing that.

On the call, I suggested that the CFTC could perhaps ease the burden by obtaining some of the required records. This could be accomplished by Defendants executing the consent forms I provided to Mr. Kazmi via email on September 1. You advised me that you were "thinking about" this. Don't think too long. Under the SRO, Defendants are expressly required to provide written consents to access records and accounts.

Also, please let us know if you wish to see a proposed consent PI.

Thanks,

A

**From:** Burden, Ashley
**Sent:** Thursday, September 7, 2023 4:10 PM
**To:** Robert Zink <robertzink@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Dakota Speas <dakotaspeas@quinnemanuel.com>; anthonystaltari@quinnemanuel.com
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Paulson, Katherine <KPaulson@CFTC.gov>;

ASodono@MSBNJ.COM; Sari B. Placona <SPlacona@MSBNJ.COM>
**Subject:** CFTC v. Traders Global Group Inc., et al., Case No. 3:23-cv-11808-ZNQ-TJB (D.N.J.)

Counsel:

Please find attached correspondence complaining about Defendants' total lack of compliance with the SRO in the above-captioned action. I am attaching an earlier letter to Mr. Kazmi and his Canadian counsel along the same lines.

As I'm sure you saw, Judge Quraishi set the PI hearing for 9/19, which is earlier than expected but just fine with the CFTC. The impression I got from yesterday's hearing is that Judge Quraishi would like to the parties to entering into a consent PI if possible and obviate the need for a hearing. To that end, we are available at your convenience tomorrow. In fact, I think a call is in order. If I don't hear from you with a time I will send you a calendar invite and you can accept it or propose some other time.

I note as well that we need to re-notice Mr. Kazmi's deposition for next week (ideally later in the week). I expect it will take all day. Please let me know at your very earliest convenience which dates work for you.

Thanks,

A



**Ashley J. Burden**
Senior Trial Attorney/Chicago Regional Office
Division of Enforcement
**Commodity Futures Trading Commission**
O: (312) 596-0693
C: (312) 995-0779
aburden@cftc.gov