Exhibit A-13

| | |
|---|---|
| **From:** | Dakota Speas |
| **To:** | Sari B. Placona; Robert Zink; Michael Shaheen; Anthony J. Staltari |
| **Cc:** | Anthony Sodono; Burden, Ashley; Michele M. Dudas; Paulson, Katherine |
| **Subject:** | RE: [EXTERNAL] SERVICE - CM/ECF Outage: CFTC v. Traders Global Group Inc., et al. - Case No. 3:23-cv-11808-ZNQ-TJB |
| **Date:** | Wednesday, September 20, 2023 12:33:43 AM |

**CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

Thanks, Sari.  I did not receive Ashley's initial email.  To respond to Ashley:

The provisions of the SRO authorizing the Temporary Receiver to seize of all of Defendants' assets, without notice or a prior hearing, and without regard to whether any of those assets are traceable to alleged misconduct, are unlawful.  We have been completely transparent about this position and our intention to move the Court for relief on this basis.  Neither the CFTC nor the Temporary Receiver has offered any legal authority justifying such an extraordinary overreach, and we look forward to the Court weighing in.

I did not ask you "what an accounting was."  I asked you, in the interest of good faith cooperation, what specific types of information you were requesting to facilitate the accounting, and you specified balance sheets and income statements.  We are gathering information to support an accounting of Defendants' assets and (as we have done before) will provide it to you promptly after it is received.

As you note, Defendants have identified and provided credentials for financial accounts held by Defendants.  We are doing our due diligence to ensure that all responsive accounts are identified and will provide a complete list as soon as possible.  We will also provide you a list of responsive social media accounts.

The CFTC's attempt to use the overbroad SRO to gain unfettered access to all of Defendants' ESI, without regard to responsiveness, is not well-taken.  The purpose of the SRO is to preserve the *status quo*, not to create an end-run around the orderly process of civil discovery.  Your "simple" proposal to avoid the disclosure of privileged documents in a wholesale transfer of ESI was inadequate because there are countless situations in which individuals within a business can share and discuss privileged information (such as legal strategy) without copying an attorney.  Your protocol does nothing to avoid disclosure of those emails.  The only reasonable approach is for defense counsel to review the ESI for responsiveness, and to log responsive ESI withheld on the basis of privilege, before producing ESI to opposing parties, as is the norm.  In the meantime, Defendants are preserving ESI, as the SRO commands.  If you have any evidence supporting your suggestion that Defendants are spoliating evidence (beyond raw speculation), please let me know right away.

Best,
Dakota

---

**From:** Sari B. Placona <SPlacona@MSBNJ.COM>
**Sent:** Tuesday, September 19, 2023 1:21 PM
**To:** Dakota Speas <dakotaspeas@quinnemanuel.com>; Robert Zink <robertzink@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Anthony J. Staltari <anthonystaltari@quinnemanuel.com>
**Cc:** Anthony Sodono <ASodono@MSBNJ.COM>; Burden, Ashley <ABurden@cftc.gov>; Michele M. Dudas <MDudas@MSBNJ.COM>; Paulson, Katherine <KPaulson@cftc.gov>
**Subject:** FW: [EXTERNAL] SERVICE - CM/ECF Outage: CFTC v. Traders Global Group Inc., et al. - Case No. 3:23-cv-11808-ZNQ-TJB

**[EXTERNAL EMAIL from splacona@msbnj.com]**

---

Ashley said the email bounced back from your server so I am resending this.

Sari B. Placona
Partner
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068
**Direct Dial:** 973-721-5030
**Email: SPlacona@MSBNJ.COM**
Website

**Connect with MS&B on LinkedIn | Twitter | Instagram**

**From:** Burden, Ashley <ABurden@CFTC.gov>
**Sent:** Tuesday, September 19, 2023 4:08 PM
**To:** Dakota Speas <dakotaspeas@quinnemanuel.com>; Paulson, Katherine <KPaulson@CFTC.gov>; Streit, Elizabeth M. <estreit@CFTC.GOV>; Anthony Sodono <ASodono@MSBNJ.COM>; Sari B. Placona <SPlacona@MSBNJ.COM>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Anthony J. Staltari <anthonystaltari@quinnemanuel.com>; Isabelle Sun <isabellesun@quinnemanuel.com>; Kayla Fleming <kaylafleming@quinnemanuel.com>; Matthew Feibert <matthewfeibert@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Robert Zink <robertzink@quinnemanuel.com>
**Subject:** RE: [EXTERNAL] SERVICE - CM/ECF Outage: CFTC v. Traders Global Group Inc., et al. - Case No. 3:23-cv-11808-ZNQ-TJB

Counsel:

Thank you for staying on to discuss our many outstanding items after the hearing.

**Turnover.**  The CFTC's view is that Defendants are required to turn over the $2.6 million in the

Confirmo account to the Temporary Receiver ("TR").  By refusing to do so, Defendants are in violation of the SRO and should therefore be held in contempt.  Defendants stand on their refusal to turn over the $2.6 million on the basis of the Due Process objection elucidated in Defendants' brief, i.e., that the ex parte asset freeze, to the extent it requires turnover, is unconstitutional.  According to you, we must "agree to disagree" on this point.  That's the wrong answer.

**Accounting.**  With respect to the "accounting" Defendants are required to provide within 5 days of the SRO, you asked me what that was.  (Not good.)  I explained that an accounting is an itemized list of Defendants' assets and income.  Having been duly advised, you declined to provide us with an update on when we could expect to receive an accounting from Defendants.

**Financial Accounts.**  As for the financial accounts, we understand and acknowledge that Defendants have identified and provided login information for some of them.  Defendants have not disclosed or provided login information for all of them, however.  The SRO requires Defendants within 24 hours of the order to provide a schedule of all such accounts, along with login credentials therefore.  This ought to be really easy.  Nothing is required to be produced, and there is no need to do this on a "rolling basis."  If Defendants can get us a schedule of all financial accounts and login credentials by 1 pm EST tomorrow, I will take that out of the motion for contempt that I was otherwise prepared to file.  In so providing, Defendants must of course warrant that the list is complete.

**ESI.**  To date, Defendants have failed to turn over login credentials or consents to access cloud-based electronically stored information ("ESI"), as required by the SRO within 24 hours of service.  For the CFTC, the most important such account is Defendants' email exchange server, i.e., the server Defendants use to send or receiver emails for the "@myforexfunds.com" or other related domains.

You expressed concern that allowing the CFTC and TR access to the exchange server could result in the disclosure of privilege materials.  Fortunately, the SRO addresses this.  In para 24, the SRO specifically provides that ESI should be turned over immediately, and that "Defendants (or their counsel) shall promptly contact Plaintiff's counsel to assert any claims of privilege relating to the inspection and review of any [documents] and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to isolate and prevent disclosure of claimed privileged … materials."  The SRO goes on to say, however, that "[n]othing herein shall excuse Defendants from full and immediate compliance with this Court's Order permitting Plaintiff to inspect and review the records and contents of forensic images which relate to Defendants' business activities and their business and personal finances."

In short, Defendants need to turn over the login and admin credentials for the exchange server right away.  The CFTC will (as it always does) isolate these materials on a server with the forensic group until appropriate protocols have been applied to exclude privileged materials.  The CFTC is also amenable to any sort of appropriate "claw-back" agreement for privileged communications.

The most appropriate protocol, I proposed, is simply to exclude all communications with attorney-related domains, i.e., @quinnemmanuel.com.  You balked at this, but declined to provide an alternative protocol.  Instead, you

propose to review Defendants' email exchange server and, in due time (I can only imagine how long, based on the volume of potential emails), produce them.  This is not acceptable to us, and it is a violation of the SRO.  I asked if you at least had collected Defendants' emails, and were in the process of reviewing them.  You declined to answer the question.  It sounds to me like Defendants are not going to turn these materials over, and Defendants' counsel hasn't even laid eyes on them.  (Hardly your fault.)  Meanwhile, Defendants could be deleting critical evidence.  You certainly provided us with no reliable assurances that they aren't.


Of course, none of Defendants' privilege objections apply to their many "My Forex Funds" social media, accounts, none of which have been turned over.  Defendants offer no excuse for that.

If Defendants fail to provide the login or admin credentials, or execute a valid consent to access, Defendants' ESI (and in particular the exchange server) by 1 pm EST tomorrow, I have to file the motion for contempt on that point.

Please advise if I have misstated any of the foregoing, or omitted any material detail.

Thanks,

A

---

**From:** Dakota Speas <dakotaspeas@quinnemanuel.com>
**Sent:** Monday, September 18, 2023 10:56 PM
**To:** Burden, Ashley <ABurden@CFTC.gov>; Paulson, Katherine <KPaulson@CFTC.gov>; Streit, Elizabeth M. <estreit@CFTC.GOV>; ASodono@MSBNJ.COM; Sari B. Placona <SPlacona@MSBNJ.COM>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Anthony J. Staltari <anthonystaltari@quinnemanuel.com>; Dakota Speas <dakotaspeas@quinnemanuel.com>; Isabelle Sun <isabellesun@quinnemanuel.com>; Kayla Fleming <kaylafleming@quinnemanuel.com>; Matthew Feibert <matthewfeibert@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Robert Zink <robertzink@quinnemanuel.com>
**Subject:** [EXTERNAL] SERVICE - CM/ECF Outage: CFTC v. Traders Global Group Inc., et al. - Case No. 3:23-cv-11808-ZNQ-TJB

**CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

Counsel:

The CM/ECF portal for D. N.J. appears to be offline for unknown reasons.  Therefore, we are electronically serving the following documents which we intended to file this evening.  We will also share electronic copies with chambers and file these via CM/ECF as soon as possible, after the outage resolves.

Please note that we have requested a hearing on two days' notice per FRCP 65(b)(4).

Please find the following documents attached for service:

- Notice of Motion to Modify *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief
- Memorandum of Law in Support of Motion to Modify *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief
- Declaration of Dakota Speas in Support of Motion to Modify *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief
- Exhibit 1 to Speas Declaration
- Exhibit 2 to Speas Declaration
- Declaration of Murtuza Kazmi in Support of Motion to Modify *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief
- Proposed Order Granting Motion to Modify *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief

Best,
Dakota

**Dakota Speas**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3687 Direct
760-580-8847 Mobile
213-443-3000 Main Office Number
213-443-3100 Fax
dakotaspeas@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message . If you have received the message in error, please advise the sender by reply e-mail or contact the sender at McManimon, Scotland & Baumann, LLC by phone at (973) 622-1800 and delete the message. Thank you very much.