**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III, Esq. (asodono@msbnj.com)
Michele M. Dudas, Esq. (mdudas@msbnj.com)
Sari B. Placona, Esq. (splacona@msbnj.com)
*Counsel to Anthony Sodono, III, Temporary Receiver*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRADERS GLOBAL GROUP INC., a New Jersey corporation, d/b/a "My Forex Funds"; TRADERS GLOBAL GROUP INC., a Canadian business organization; and MURTUZA KAZMI,<br><br>Defendants. | Civil Action No. 3:23-cv-11808-ZNQ-TJB |

**LIMITED OBJECTION OF ANTHONY SODONO, III, TEMPORARY RECEIVER, TO MOTION OF DEFENDANTS TO MODIFY STATUTORY RESTRAINING ORDER AND FOR RELATED RELIEF**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT AND STATEMENT OF RELEVANT FACTS ........................ 1

LEGAL ARGUMENT ................................................................................................................ 4

CONCLUSION ............................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

Federal Trade Commission v. Mobe LTD,
   2018 WL 4960232 (M.D. Fla August 8, 2018) .......................................................................... 5

Anthony Sodono, III, the temporary receiver ("Temporary Receiver") appointed pursuant to this Court's August 29, 2023 Statutory Restraining Order ("SRO") [ECF 13], hereby submits his limited objection to the Emergency Motion to modify the SRO, Appointment of Receiver and Related Relief ("Motion") [ECF 42] filed by defendants Traders Global Group Inc., a New Jersey corporation, d/b/a My Forex Funds, Traders Global Group Inc., a Canadian business organization (collectively, "TGG") and Murtuza Kazmi ("Mr. Kazmi") (where appropriate, the TGG entities and Mr. Kazmi will be collectively referred to as "Defendants"). The majority of the issues raised relate to arguments more properly addressed by plaintiff Commodities Future Trading Commission ("CFTC").

**PRELIMINARY STATEMENT AND STATEMENT OF RELEVANT FACTS**

On August 28, 2023, the CFTC filed its Complaint against Defendants, alleging, *inter alia*, fraud, registration, and off-exchange trading violations of the Commodity Exchange Act and Regulations arising from Defendants' alleged fraud scheme involving leveraged retail foreign exchange and commodity trading. [ECF 1].

On August 29, 2023, the SRO was entered granting, *inter alia*, preliminary restraints and appointing the Temporary Receiver.[1] [ECF 13]. The SRO, ¶ 31, required the Defendants to provide the Temporary Receiver within *five (5)* business days from entry of the SRO with "access to all records or accounts or assets of the Defendants held by financial or brokerage institutions located within or outside the territorial United States by signing any necessary consent forms." The SRO, ¶ 32, required the Defendants to cause to be prepared and delivered to the Temporary Receiver, within *twenty-four hours* of the issuance of the SRO, a "detailed and complete schedule

---

[1] As the Court and parties are aware, Mr. Kazmi currently resides in Canada and one of the two named TGG entities is a Canadian business. There is a sister proceeding pending before the Superior Court of Justice by the Ontario Securities Commission at File No. CV-23-00705708-00CL.

of all passwords and identification (ID) numbers for all websites, cloud storage services, email and smartphone accounts, online chat and messaging services, social media sites, and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures commission merchant) controlled or operated by or to which any of the Defendants have access in connection with their business activities and business and personal finances."

Since the Temporary's Receiver's appointment, he has actively and diligently made good faith attempts to obtain possession and control of the Defendants' assets, with resistance and largely without compliance of the Defendants' obligations under the SRO, including access and turnover over of various bank accounts and other financial accounts (both in the United States and internationally), and logins and other credentials necessary to review, access, obtain and secure the funds in said accounts.  Certainly, the twenty-four (24) hour and five (5) day deadlines were not met. Fortunately, through Temporary Receiver's efforts, he was able to procure much, but not all, of the information required with constant communication and probing from Defendants' counsel.  The information still required includes access to *all* financial accounts, cloud storage services, email and smartphone accounts, online chat and messaging services and social media sites.

One illustrative example of a pressing issue relating to certain financial accounts was, and continues to be, the Temporary Receiver's access to certain accounts held by Stripe.  Within days of his appointment, the Temporary Receiver contacted Stripe and, after being initially informed that arrangements were being made to turn over funds to the Temporary Receiver in a reserve account with a balance of approximately $6.2 million, on September 7, 2023, the Temporary Receiver was informed that the account was "secure."  *See* e-mail chain annexed to Affidavit of Temporary Receiver as **Exhibit "A."**  The Temporary Receiver continued to press as to when the

funds would be transferred, however, Stripe eventually took the position that the funds were its property, not the Defendants and there would be no turnover.

On September 19, 2023, the Defendants filed the within Motion. [ECF 42]. A review of the Motion reveals that it seeks broad and sweeping relief, including a modification of the SRO that provides that the "[Temporary Receiver] shall have no authority to seize the Defendants' assets."

On September 19, 2023, the Court conducted a Case Management Conference and instructed interested parties to brief the issues respecting Sections A through E of the Memorandum of Law submitted in support of the Motion. The Temporary Receiver submits that the only portion of the Motion relating to any argument and position of the Temporary Receiver is Section C, respecting the issues relating to Stripe and process to dispute chargebacks. The balance of the arguments raised are properly addressed by the CFTC. The Temporary Receiver highlights for the Court that in his efforts to have funds in the bank accounts turned over to his possession and control, the Defendants repeatedly took the position that the SRO was unconstitutional, but yet took no action for approximately three (3) weeks after its entry to seek modification, all the while defying its terms in obstructionist fashion and impeding and delaying the Temporary Receiver's abilities to fulfill his duties and obligations under the SRO to protect, maintain and preserve the receivership estate.

Moreover, the Temporary Receiver still has no answer as to how Mr. Kazmi and his extended family have been surviving without any money and why it took twenty (20) days to seek relief. The Temporary Receiver has requested has asked for an affidavit from Mr. Kazmi to support his expenses and explain how he has been living but no affidavit has been forthcoming. The Temporary Receiver is extremely concerned about getting the information regarding expenses

because Mr. Kazmi ostensibly needs funds for basic needs, *i.e.* food, utilities and insurance in addition to cancer medication for a close family member. The Temporary Receiver is mindful and concerned about the health, safety and welfare of Mr. Kazmi and his family, however, for some reason, Mr. Kazmi has been dragging his feet for weeks. Something does not ring true. The Temporary Receiver must understand if Mr. Kazmi, through family, friends or otherwise has access to funds.

A glaring example of the lack of cooperation by the Defendants includes their failure to provide any login credentials for any Stripe (or related entity Woo Commerce) and, despite being promised access by Stripe, no access information was provided by Stripe to the Temporary Receiver until September 20, 2023 (and only after a Case Management Conference was scheduled by the Court for September 21, 2023 after Stripe advised the Court it intended to object to the Temporary Receiver's proposed form of Order submitted on September 20, 2023 [ECF 44]). The Temporary Receiver sought to meet and confer with Stripe's counsel on September 20, 2023, prior to the September 21, 2023 Case Management Conference, without success. Fortunately, the Temporary Receiver and Stripe (as well as the Defendants and CFTC) are working together for an amicable solution to the "chargeback" issues.

## **LEGAL ARGUMENT**

Section C of the Defendants' Memorandum of Law in support of the Motion seeks modification of the SRO to review and dispute credit card chargebacks relating to the Stripe account. Defendants' convenient narrative in support of this position is to paint the Temporary Receivers' actions as dilatory in his alleged failure to take appropriate action respecting the funds in any Stripe account, when the Defendants have failed to provide basic information which would allow the Temporary Receiver to undertake such actions, and ignores the fact that the Temporary

Receiver attempted to obtain information directly from Stripe and Woo Commerce since his appointment under the SRO. Any alleged "access" provided by Stripe did not provide actual access, but merely a confirmation that the account was on hold (which access was only provided until after Stripe filed a Motion to Intervene [ECF 49]). This was after the Temporary Receiver was assured that the funds would be sent immediately weeks ago.

The Stripe Services Agreement, both Canadian and United States versions [ECF 49, *Exhibit "H"* for Canadian version of the Services Agreement), defines Reserve as funds held by Stripe that it holds as "security" against liabilities the Defendants incur. The Temporary Receiver's position is that is it axiomatic that, by definition, security "secures" a loan or some other obligation. The Temporary Receiver submits that *Federal Trade Commission v. Mobe LTD*, 2018 WL 4960232 (M.D. Fla August 8, 2018), is directly on point with the Temporary Receiver's position in this case respecting the funds in the Stripe account. In *Mobe*, the Federal Trade Commission argued that if there is a security interest in a Reserve Account, then [the Defendants] must be the owner, otherwise the provision would be wholly unnecessary if [the Defendants] did not own the account. *Id.* at \*4. The District Court in *MOBE* agreed and recognized that the underlying agreement provided the Bank a security interest in each charge . . . and the Reserve Account. *Id.* Thus, the Temporary Receiver believes the funds are property of the Receivership Estate. Notwithstanding the Temporary Receiver's position, the funds are being held in Canada and although the Temporary Receiver is charged with taking "exclusive custody, control, and possession of the Receivership Estate" [ECF 13, ¶ 30], the Temporary Receiver has no control over Canadian accounts. Thus, the Stripe account remains *status quo*. Regardless, it took an inordinate amount of time to find out that Stripe took a position that the funds were not Defendants property.

It is disingenuous for the Defendants to take the position that the Temporary Receiver has failed to secure assets when their wounds are self-inflicted by being part of the problem and the reason why the Temporary Receiver has been prevented from doing so. Moreover, the Defendants have repeatedly taken the obstinate position that they are the only parties that can properly dispute the chargebacks and want access to the platform to take those actions. The CFTC has expressed concerns that the Defendants' intentions are to dispute chargebacks as part of their defense to control a narrative disputing the fraud and other allegations raised in the Complaint. The Temporary Receiver, as an independent fiduciary, has had extensive conversations with ***all*** parties, including Stripe, to evaluate the most expedient and cost-effective manner for addressing the issue, including engaging with third parties to review and respond to the charges. The Temporary Receiver is hopeful to have this matter resolved in short order.

The Temporary Receiver remains committed to working towards a resolution and is exploring all options. The issue should be left in his control with the Defendants' cooperation, if and when their input and/or services are required.

## CONCLUSION

For the foregoing reasons, the Temporary Receiver respectfully requests that the Motion be denied, and this Court grant such and further relief as it deems just and equitable.

September 22, 2023

/s/ Anthony Sodono, III
Anthony Sodono, III
Michele M. Dudas
Sari B. Placona
MCMANIMON, SCOTLAND & BAUMANN, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
asodono@msbnj.com
mdudas@msbnj.com
splacona@msbnj.com