## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7221**

WRITER'S EMAIL ADDRESS
anthonystaltari@quinnemanuel.com

September 28, 2023

Hon. Tonianne J. Bongiovanni
U.S. Magistrate Judge
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:     *CFTC v. Traders Global Group Inc., et al.*, 3:23-cv-11808-ZNQ-TJB

Dear Magistrate Judge Bongiovanni:

We write on behalf Traders Global Group Inc., a New Jersey corporation doing business as "My Forex Funds," Traders Global Inc., a Canadian business organization, and Murtuza Kazmi (collectively, "Defendants") in the above-referenced matter.  Defendants respectfully request a protective order pursuant to Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure limiting the scope of Defendants' depositions, until a Rule 26(f) conference takes place, to the specific topics authorized by the Court's *ex parte*, sealed order on expedited discovery, to wit, "the existence and location of Defendants' assets" and "the identities of Defendants' customers." ECF 10.  Plaintiff CFTC confirmed that it intends to seek testimony from Defendants prior to the Rule 26(f) conference on the merits of all of its claims, without any topical limitations.

Expedited discovery on all of the merits in advance of the Rule 26(f) conference is highly disfavored, especially where, as here, the party moving for expedited discovery has conducted an extensive factual investigation before filing suit.  The CFTC is not entitled to unlimited discovery on the merits of its claims at this very early stage, and therefore the Court should limit the deposition testimony that the CFTC can seek in advance of the Rule 26(f) conference to "the existence and location of Defendants' assets" and "the identities of Defendants' customers."  The Court should also permit Defendants to submit declarations under penalty of perjury regarding those same topics in lieu of expedited depositions.

I.     **FACTUAL BACKGROUND**

Well over a year ago, Plaintiff Commodity Futures Trading Commission ("CFTC") started investigating Defendants, without their knowledge, for alleged violations of the

Commodities Exchange Act. ECF 33-44 at 2. On August 28, 2023, the CFTC filed this action under seal and without notice to Defendants. ECF 1. It simultaneously filed a secret, *ex parte* motion for expedited discovery. ECF 6. The CFTC cited a purported need to "identify aggrieved customers" and to "locate any presently unknown accounts or assets belonging to Defendants" to justify its request. *Id.* ¶ 5. The next day, the CFTC's *ex parte* proposed order (the "Order") was granted without modification and without a hearing. ECF 10. The Order authorized expedited discovery "to permit the CFTC to discover the existence and location of Defendants' assets and the identities of Defendants' customers, and to allow the parties to prepare adequately for such hearings as the Court may conduct in this matter." ECF 10 at 1–2. Under the *ex parte* Order, Defendants must submit to depositions on two business days' notice. *Id.* at 2. The CFTC has since taken the position that only the CFTC—and not Defendants—is entitled to expedited discovery pursuant to the Court's order. Speas Decl. ¶ 5, Ex. 6 at 4-5; *Id.* ¶ 11, Ex. 12 at 2-3. The CFTC has produced over 129,000 documents it has collected throughout the course of investigation in response to Defendants' written discovery requests. *Id.* ¶ 8, Ex. 7, 10.

The CFTC initially noticed Mr. Kazmi's deposition for September 7, 2023—a mere seven days after he was served the complaint. *Id.* ¶ 2, Ex. 1. After Mr. Kazmi retained counsel, his deposition was rescheduled to October 2, 2023. *Id.* ¶ 3, Ex. 2, 3. The CFTC also scheduled depositions of the two corporate defendants on October 3 and October 4. *Id.* ¶ 4, Ex. 4, 5. The CFTC informed Defendants that it intends to take up to 7 hours on the record for each deposition across three days. *Id.* ¶ 4, Ex. 2. On September 26, 2023, counsel for the CFTC and Defendants met and conferred regarding the scope of Defendants' expedited depositions. *Id.* ¶ 5. Counsel for Defendants explained that the depositions should be limited to "the existence and location of Defendants' assets" and "the identities of Defendants' customers," as set forth in the Order. ECF 10; Speas Decl. ¶ 5, Ex. 6 at 3. Counsel for the CFTC disagreed, arguing that the CFTC was entitled to full merits discovery, without limitation, before the Rule 26(f) conference. *Id.* ¶ 5, Ex. 6 at 4-5; *Id.* ¶ 7, Ex. 6 at 2. Given the impasse, defense counsel informed the CFTC that Defendants would request a protective order limiting the scope of Defendants' early depositions. *Id.* ¶ 5, Ex. 6 at 3. When asked whether Defendants were subjects of criminal investigations, or whether any criminal referrals had been made against Defendants, counsel for the CFTC refused to answer. *Id.* ¶ 6. On September 28, 2023, the CFTC repeated its position that it will ask questions relating to the "merits" of the CTFC's claims. *Id.* ¶ 10, Ex. 6 at 1. Counsel for CTFC has made it clear that further discussion about limiting the depositions' scope will be futile. *Id.*

## II.   LEGAL STANDARD

The Federal Rules dictate that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. Proc. 26(d)(1). Thus, expedited discovery is "highly disfavored," and it is the burden of the party seeking expedited discovery to justify it. *Flatiron Crane Operating Co., LLC v. Adkins*, No. 5:23-CV-02396-JMG, 2023 WL 4565470, at *3 (E.D. Pa. July 17, 2023).

When good cause exists to authorize expedited discovery, it must be restricted to "***specific, limited, and identifiable pieces of information***, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information." *Id.* at *4. To

2

comply with Rule 26, expedited discovery cannot "encompass[] all of the Complaint's allegations," even if a motion for a preliminary injunction is pending. *Id.* "Where the 'scope of the requested discovery . . . would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction,' the purpose of limited expedited discovery is frustrated." *Id.* In addition, when the breadth of expedited discovery imposes a disproportionate burden on the opposing party, it should be denied. *Id.* (denying expedited discovery seeking responses in 15 days).

"[I]f a motion [for expedited discovery] is made too far in advance of the start of formal discovery, this weighs against granting expedited discovery." *Id.* at *3 (denying motion for expedited discovery filed simultaneously with complaint). Further, expedited discovery should be denied if the moving party has delayed bringing suit. *Id.* (denying expedited discovery where moving party waited months to file suit after learning of the alleged misconduct).

When a government agency seeking expedited discovery has already conducted an extensive pre-suit investigation and has collected a large amount of information as a result, expedited discovery should be denied. *See SEC v. Dalius*, No. CV 18-08497-CJC(EX), 2018 WL 11363498, at *7 (C.D. Cal. Oct. 11, 2018) (denying expedited discovery motion where SEC had "engaged in extensive fact-finding" before filing suit and collected over 1,100 pages of documents in the course of its investigation).

Pursuant to Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure and the principles outlined above, the Court may issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### III. ARGUMENT

A protective order should be entered limiting the scope of Defendants' depositions to "the existence and location of Defendants' assets" and "the identities of Defendants' customers," until after the Rule 26(f) conference takes place. In addition, the Court should permit Defendants to provide declarations under penalty of perjury on these two topics as opposed to appearing for multi-hour depositions across three days.

The CFTC's position that it is entitled to unbridled, unilateral expedited discovery on the merits, with only a few days' notice to Defendants, finds no support in the law. Because the CFTC's interpretation of the Order "would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction" hearing, a protective order is warranted. *Flatiron*, 2023 WL 4565470, at *4. Otherwise, Defendants will be severely and unfairly burdened. The CFTC has already confirmed that it intends to take seven hours on the record to depose each Defendant, one day after another, on any topic related to its claims. Speas Decl. ¶ 4, Ex. 2. Clearly, the CFTC is not seeking "specific, limited, and identifiable pieces of information" to prepare for the preliminary injunction hearing, but rather intends to embark upon a wide-ranging fishing-expedition on "all of the Complaint's allegations." *Flatiron*, 2023 WL 4565470, at *4. The gross overbreadth of the CFTC's

requested discovery is not appropriate on an expedited basis, especially where, as here, there is no risk of spoliation and the CFTC has already collected nearly 130,000 documents during an investigation against Defendants spanning over a year. *Dalius*, 2018 WL 11363498, at *7.[1]

The CFTC's decision to seek limitless expedited discovery, without notice to Defendants and in secret, after spending over a year building its case, indicates that there is no real "emergency" here warranting expedited relief, but rather a desire by the CFTC to unfairly pressure Defendants into submission without due process. *See Flatiron*, 2023 WL 4565470, at *3 (denying expedited discovery after moving party waited months to bring its case). The CFTC's tactic raises serious constitutional concerns, especially given the complexity and gravity of the allegations. *See Dalius*, 2018 WL 11363498, at *7. The CFTC's refusal to confirm whether any parallel criminal investigations of Defendants are ongoing amplifies the risk of unfair prejudice arising from expedited discovery of unlimited scope. *Id.* Due process requires that full discovery on the merits of the CFTC's claims proceed in an orderly fashion after the Rule 26(f) conference so that Defendants have adequate time to consult with counsel and to respond accordingly. *See id.* Therefore, there is good cause to limit the scope of Defendants' pre-Rule 26(f) depositions to "the existence and location of Defendants' assets" and "the identities of Defendants' customers," as specified in the expedited discovery Order. ECF 10. To avoid undue burden and expense, Defendants should also be afforded the option to submit declarations under penalty of perjury on these same topics in lieu of expedited depositions.

For the foregoing reasons, a protective order should be entered limiting the scope of Defendants' depositions to "the existence and location of Defendants' assets" and "the identities of Defendants" until the Rule 26(f) conference takes place. In addition, Defendants should be permitted to submit declarations under penalty of perjury on these topics in lieu of deposition testimony to avoid undue burden and expense. Counsel for Defendants are available at the Court's convenience for a telephonic conference.

Respectfully submitted,

*/s/ Anthony J. Staltari*_____
Anthony J. Staltari

AJS:DSS

cc:   All counsel of record via CM/ECF

---

[1] The CFTC contends that the full merits of the case "bear on the sought-after [preliminary injunction]." Speas Decl. ¶ 5, Ex. 6 at 4. But such broad discovery on an expedited basis is not necessary given that the CFTC has already over a dozen subpoenas to third-parties, obtained sworn examination testimony from a third-party, exchanged investigatory materials with the Ontario Securities Commission in Canada, and amassed an investigative file that amounts to larger than 15 gigabytes of information. *Id.* ¶ 9, Exs. 7-12; ECF 33-43.