Anthony J. Staltari (Attorney ID. No. 233022017)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (415) 875-6600
anthonystaltari@quinnemanuel.com

Michael Shaheen, III (*pro hac vice*)
Robert A. Zink (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 538-8000
michaelshaheen@quinnemanuel.com
robertzink@quinnemanuel.com

Dakota Speas (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
dakotaspeas@quinnemanuel.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>*Plaintiff*,<br><br>v.<br><br>Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi,<br><br>*Defendants*. | Case No.: 3:23-cv-11808<br><br>**DECLARATION OF DAKOTA SPEAS IN SUPPORT OF DEFENDANTS' LETTER MOTION FOR PROTECTIVE ORDER REGARDING SCOPE OF DEFENDANTS' DEPOSITIONS** |

I, Dakota Speas, declare pursuant to 28 U.S.C. § 1746 that:

1

1. I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"). I am admitted *pro hac vice* to practice before this Court in this case. I am one of the attorneys representing Defendants Traders Global Group Incorporated, a New Jersey corporation doing business as "My Forex Funds," Traders Global Group Incorporated, a Canadian business organization, and Murtuza Kazmi (collectively, "Defendants").

2. On August 29, 2023, the CFTC issued a notice of deposition to Mr. Kazmi for a deposition scheduled for September 7, 2023. **Exhibit 1** is a true and correct copy of the "Notice of Deposition to Murtuza Kazmi" from A. Burden dated August 29, 2023. The notice was sent to Mr. Kazmi on August 31, 2023.

3. Pursuant to the parties' agreement, Mr. Kazmi's deposition was rescheduled to October 2, 2023. **Exhibit 2** contains a true and correct copy of an email I sent to A. Burden on September 22, 2023 at 2:34 PM and an email I received from A. Burden on September 22, 2023 at 4:09 PM regarding "CFTC v. Traders Global Group, Inc., et al."; **Exhibit 3** is a true and correct copy of the "Notice of Deposition to Murtuza Kazmi" from A. Burden dated September 26, 2023.

4. The CFTC scheduled depositions of the two corporate defendants for October 3 and October 4, 2023. **Exhibit 4** is a true and correct copy of the "Notice of Deposition to Traders Global Group Inc., a Canadian Business Organization" from A. Burden dated September 26, 2023; **Exhibit 5** is a true and correct copy of the "Notice of Deposition to Traders Global Group Inc., a New Jersey corporation" from A. Burden dated September 26, 2023. Counsel for the CFTC represented that the CFTC intended to use up to 7 hours on the record for each deposition across three days.

5. On September 26, 2023, the parties met and conferred regarding the scope of Defendants' expedited depositions. During this call, counsel for the CFTC informed defense counsel that the CFTC intends to ask Defendants questions on the "merits" of the case, without limitation, during the depositions scheduled on October 2, 3, and 4 of 2023. Counsel for the CFTC contended that the full merits of the case bear on the preliminary injunction that the CFTC is

2

seeking.  **Exhibit 6** contains a true and correct copy of an email I received from A. Burden on September 28, 2023 at 11:51 AM regarding "call today re issues," *see* pages 4-5.  In response, defense counsel explained to counsel for the CFTC that the depositions should be limited to "the existence and location of Defendants' assets" and "the identities of Defendants' customers," as set forth in the Court's Order on Expedited Discovery (ECF 10).  **Exhibit 6**, *see* pages 3-4.  Defense counsel informed the CFTC that Defendants would request a protective order limiting the scope of Defendants' early depositions given that the parties were at an impasse. *Id*.

6. During the September 26, 2023 meet and confer call, counsel for the CFTC refused to confirm or deny whether Defendants were subjects of criminal investigations, or whether any criminal referrals had been made against Defendants.

7. On September 27, 2023, counsel for the CFTC again declined to modify the scope of the expedited depositions and argued that the Court's Order on Expedited Discovery permits the CFTC to take Defendants' depositions on all topics relevant to the case, including the full "merits" of the case.  **Exhibit 6**, *see* pages 2-3.

8. In response to Defendants' written discovery requests, the CFTC has produced over 129,000 documents it has collected through the course of its investigation.  **Exhibit 7** is a true and correct copy of an email I received from O. Ghaffar on September 25, 2023 at 8:41 AM regarding " "CFTC PROD 09-25-2023 Kazmi, Murtuza"; **Exhibit 10** is a true and correct copy of an email I received from O. Ghaffar on September 27, 2023 at 1:10 PM regarding "CFTC PROD 09-27-2023 Kazmi, Murtuza."

9. The CFTC has issued over a dozen subpoenas to third-parties, obtained sworn examination testimony from a third-party, exchanged investigatory materials with the Ontario Securities Commission in Canada, and amassed an investigative file that amounts to larger than 15 gigabytes of information.  **Exhibits 7 & 10**.  **Exhibit 8** is a true and correct copy of an email I received from A. Burden on September 27, 2023 at 3:01 PM regarding  "CFTC v. Traders Global; production cover letter"; **Exhibit 9** is a true and correct copy of the Production Cover Letter I received from A. Burden on September 25, 2023, regarding "*CTFC v. Traders Global Group Inc.,*

*et al.,* Case No. 3:23-cv-11808-ZNQ-TJB (D.N.J)"; **Exhibit 11** is a true and correct copy of the Production Cover Letter I received from A. Burden on September 27, 2023 regarding "*CTFC v. Traders Global Group Inc., et al.,* Case No. 3:23-cv-11808-ZNQ-TJB (D.N.J)."

10. On September 28, 2023, counsel for the CFTC repeated the CTFC's position regarding the scope of the deposition, and highlighted to defense counsel the need to present this dispute to the Court. **Exhibit 6**, *see* page 1.

11. The CFTC has taken the position that only the CFTC—and not Defendants—is entitled to expedited discovery pursuant to the Court's order. **Exhibit 12** contains a true and correct copy of an email I received from A. Burden on September 20, 2023 at 1:56 PM regarding "CFTC v. Traders Global Group, Inc., et al.", *see* pages 2-3.

12. I declare under the penalty of perjury that the foregoing statements are true and correct and that I executed this declaration in Los Angeles, California on September 28, 2023.

Dakota Speas