# Exhibit 6

| | |
|---|---|
| **From:** | Burden, Ashley <ABurden@CFTC.gov> |
| **Sent:** | Thursday, September 28, 2023 11:51 AM |
| **To:** | Dakota Speas; Robert Zink; Michael Shaheen; Matthew Feibert; Isabelle Sun |
| **Cc:** | Streit, Elizabeth M.; Paulson, Katherine; Michele M. Dudas; Anthony Sodono; Sari B. Placona; QE-CFTC |
| **Subject:** | RE: [EXTERNAL] RE: call today re issues |

**[EXTERNAL EMAIL from aburden@cftc.gov]**

 This message needs your attention
• This is their first email to you.

Counsel:

**Depositions.** With respect to Mr. Kazmi's forthcoming deposition, we understand your position and disagree. We feel that this dispute will have to be presented to the court. You mentioned that you were planning to file a motion for a protective order. I was surprised to log on this morning and see that you hadn't. If Defendants don't file a motion for protective order today, the CFTC will file a motion to compel tomorrow.

**PI Hearing.** I still don't know what you're on about for this PI hearing. Maybe we are talking past each other. The CFTC is not planning to call live witnesses in support of the PI. The CFTC plans to rest, as it is entitled to, on the declarations, deposition transcripts, and other exhibits appended to the motion. We aren't planning, e.g., to call Matt Edelstein to read his declaration out loud. Now, if Defendants wish to examine Mr. Edelstein at the hearing, they are welcome to. Our view is that the proper avenue for this is a Rule 45 subpoena issued to Mr. Edelstein, and for which I will accept service via email. Not only will I accept service, I will waive the geographic restrictions in Rule 45 on attendance. Non-CFTC witnesses, i.e., Michael Chichester of iS Risk, Defendants will have to separately subpoena and convince to appear at the hearing.

Thanks,

A

**From:** Dakota Speas <dakotaspeas@quinnemanuel.com>
**Sent:** Wednesday, September 27, 2023 8:53 PM
**To:** Burden, Ashley <ABurden@CFTC.gov>; Robert Zink <robertzink@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Matthew Feibert <matthewfeibert@quinnemanuel.com>; Isabelle Sun <isabellesun@quinnemanuel.com>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Paulson, Katherine <KPaulson@CFTC.gov>; Michele M. Dudas <MDudas@MSBNJ.COM>; Anthony Sodono <ASodono@MSBNJ.COM>; Sari B. Placona <SPlacona@MSBNJ.COM>; QE-CFTC <qe-cftc@quinnemanuel.com>
**Subject:** RE: [EXTERNAL] RE: call today re issues

**CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

Ashley:

Subject to the objections we've already discussed and Defendants' forthcoming request for a protective order, Mr. Kazmi will only testify on Monday to the two topics specifically authorized by the expedited discovery order: "the existence and location of Defendants' assets" and "the identities of Defendants' customers." Of course, you will have an opportunity to seek testimony on other matters in the ordinary course of civil discovery following the Rule 26(f) conference.

An evidentiary hearing is necessary before the Court can rule on the CFTC's motion for a preliminary injunction because the CFTC's likelihood of success on the merits hinges on disputed factual issues. *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 324 (3d Cir. 2015); *see also Visual Sciences, Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 58 (2d Cir. 1981) ("On a motion for a preliminary injunction an adequate presentation of the facts is necessary. Where, as here, essential facts are in dispute, there must be a hearing, and appropriate findings of fact must be made."). For example, the credibility of Mr. Edelstein is highly suspect (he mischaracterized two tax payments to the Canadian government as transfers to Mr. Kazmi), and Defendants are entitled to test the truth of his assertions through live cross examination. *See Arrowpoint*, 793 F.3d at 324; *Visual Sciences*, 660 F.2d at 58 ("The opposing party must be afforded the opportunity to cross-examine the moving party's witnesses and to present evidence."). Failure to hold an evidentiary hearing under these circumstances is reversible error. *Arrowpoint*, 793 F.3d at 326; *Visual Sciences*, 660 F.2d at 58.

Please provide the CFTC's position on the exemption/carve-out proposal tomorrow.

We are prepared to proceed with the chargeback remediation protocol set forth in the consent order that the Temporary Receiver circulated, subject to the edits Defendants suggested. If you are assuming that every chargeback initiated since the CFTC's complaint was file was made on the basis of "fraud," you are incorrect (there are multiple bases to claim chargebacks). Nevertheless, it should go without saying that the chargeback process is not the proper mechanism to adjudicate the merits of the CFTC's claims.

--Dakota

**From:** Burden, Ashley <ABurden@CFTC.gov>
**Sent:** Wednesday, September 27, 2023 9:26 AM
**To:** Dakota Speas <dakotaspeas@quinnemanuel.com>; Robert Zink <robertzink@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Matthew Feibert <matthewfeibert@quinnemanuel.com>; Isabelle Sun <isabellesun@quinnemanuel.com>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Paulson, Katherine <KPaulson@CFTC.gov>; Michele M. Dudas <MDudas@MSBNJ.COM>; Anthony Sodono <ASodono@MSBNJ.COM>; Sari B. Placona <SPlacona@MSBNJ.COM>
**Subject:** RE: [EXTERNAL] RE: call today re issues

**[EXTERNAL EMAIL from aburden@cftc.gov]**

Counsel:

The CFTC disagrees with your position on the scope of the depositions. The expedited discovery order clearly states that the purpose of the early discovery is to prepare for the PI hearing, which is about the merits of the case. We will be asking Mr. Kazmi "merits" questions at the deposition, and we expect him to provide responsive testimony.

The CFTC further disagrees with your position that "live testimony" is required at the PI hearing. Our view of the caselaw is to the contrary, though you are of course welcome to share your own views on controlling precedent in an email.

As for the evidence in the reply brief, it would have great if Defendants had just sent it to us in an email, like we asked. But we will of course review the evidence to see whether it satisfies our concerns about Defendants' proposed carve-out from the asset freeze.

On the chargeback issue, we too are waiting to hear from Stripe on the feasibility of the proposal. I feel compelled to write that chargebacks are not "unmeritorious" in our view. (They are highly meritorious, since the customers were defrauded.) The chargebacks do, however, have the potential to compromise pro rata recovery, and for that reason we share Defendants' desire to dispute them to the extent possible and practicable.

Thanks,

A

**From:** Dakota Speas <dakotaspeas@quinnemanuel.com>
**Sent:** Tuesday, September 26, 2023 11:29 PM
**To:** Burden, Ashley <ABurden@CFTC.gov>; Robert Zink <robertzink@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Matthew Feibert <matthewfeibert@quinnemanuel.com>; Isabelle Sun <isabellesun@quinnemanuel.com>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Paulson, Katherine <KPaulson@CFTC.gov>; Michele M. Dudas <MDudas@MSBNJ.COM>; Anthony Sodono <ASodono@MSBNJ.COM>; Sari B. Placona <SPlacona@MSBNJ.COM>
**Subject:** [EXTERNAL] RE: call today re issues

**CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

Ashley:

Since we have reached an impasse as to the authorized scope of the depositions pursuant to the expedited discovery order (ECF 10), we will move for a protective order limiting them to the two topics specifically authorized by the order: "the existence and location of Defendants' assets" and "the identities of Defendants' customers." The CFTC is not entitled to unlimited merits-based discovery at this very early stage.

We will revert on timing with regard to the 30(b)(6) depositions you noticed.

Given the numerous issues of fact that need to be resolved before the Court can decide on the CFTC's motion for a preliminary injunction, an evidentiary hearing, with live testimony subject to cross examination, is necessary. The law is clear that deciding the motion on the papers is not appropriate under these circumstances.

As previously noted, Defendants aren't willing to stipulate to continue the PI hearing for another month.

We submitted evidence with the reply brief this evening demonstrating proceeds from real property sales that having nothing to do with My Forex Funds. Please review and let us know the CFTC's position on the carve-out proposal.

We are waiting on Stripe to weigh in on the CFTC's latest chargeback review proposal. As I mentioned, Defendants are open to the CFTC's proposal if it actually will suspend the chargebacks, but right now, that is unclear. The conventional protocol might be the only way to successfully stop unmeritorious chargebacks.

Best,
Dakota

---

**From:** Burden, Ashley <ABurden@CFTC.gov>
**Sent:** Tuesday, September 26, 2023 11:40 AM
**To:** Dakota Speas <dakotaspeas@quinnemanuel.com>; Robert Zink <robertzink@quinnemanuel.com>; Michael Shaheen <michaelshaheen@quinnemanuel.com>; Matthew Feibert <matthewfeibert@quinnemanuel.com>; Isabelle Sun <isabellesun@quinnemanuel.com>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Paulson, Katherine <KPaulson@CFTC.gov>; Michele M. Dudas <MDudas@MSBNJ.COM>; Anthony Sodono <ASodono@MSBNJ.COM>; Sari B. Placona <SPlacona@MSBNJ.COM>
**Subject:** call today re issues

**[EXTERNAL EMAIL from aburden@cftc.gov]**

---

Counsel:

Thank you for speaking with us this afternoon. Please see below a summary of the items we discussed.

**Depositions topics.** Your position is that the expedited discovery order (Doc. 10) limits the CFTC's deposition-taking to the identities of locations of Defendants' customers, and Defendants' assets. We disagree. Our view is that the expedited discovery order permits the CFTC to take Defendants' depositions on all topics relevant to the case, including, e.g., the "merits" of the case, since these topics bear on the sought-after PI. You have indicated that you will file a motion for a protective order if the CFTC insists on taking Defendants' testimony on substantive issues relating to the facts in the SRO/PI motion. We do insist on that. If you plan on filing a motion for a protective order, we will oppose it. We will not agree to postpone Defendants' depositions while such motion is pending.

Separately, you proposed having Kazmi submit an affidavit on the identities and locations of customers, and on Defendants' assets, and asked if this would obviate the need for testimony on these topics. It might, but we would have to see the affidavit. What would be much better is if Defendants would simply provide the accounting and books and records required under the SRO, which are still outstanding and are (as you know) the subject of the CFTC's motion for contempt.

**Deposition timing.** We asked if you expected Defendant Kazmi, whom you plan to offer as the corporate defendants' 30(b)(6) witness, will invoke the Fifth in response to questions. You were equivocal on this point, and suggested that he might for some topics and not for others. Because such testimony is likely to be time-consuming, the CFTC must insist on the seven hours of testimony allowed for each deponent under the Federal Rules. Our deposition notices will follow under separate cover.

**Live witnesses at the PI hearing.** Your position is that the CFTC is required to "produce" at the hearing, in person, those witnesses whose declarations the CFTC relies upon in the SRO motion. We do not agree with your position. The law is clear that the PIs may be decided on the basis of written submissions and declarations.

**Timing of the PI hearing.** It sounds like the temporary receiver might want to move the PI hearing to sometime around October 16. If you don't object, we don't object. But someone ought to call the courtroom deputy and see what dates they have.

**Exchange server.**  You explained on the call that Defendants are amenable to providing the "My Forex Funds" email exchange server to the CFTC.  You expressed concern that something needs to be worked out so that "all parties have access to the server."  The CFTC does not need access to the server.  We don't want to send or receive emails.  What the CFTC wants is for Defendants to provide admin credentials for the email server so our forensics personnel can image the server.  This is required under the SRO.  The SRO also required Defendants to list and provide access to all sources of ESI Defendants use in the course of their business.  Defendants haven't done that either.

You also suggested that you would prepare a list of search terms and email addresses to isolate potentially privileged materials on the server, and that you would propose a clawback agreement.  That would be great.

**Carve-out.**  You asked if we have formulated a position on Defendants' request for a carve-out.  It is difficult for the CFTC to formulate a position on that when Defendants have failed to provide evidence of untainted assets or sources of income, i.e., assets or income not derived from the "My Forex Funds" scheme.  You suggested that Defendants might be able to do that.  We are looking forward to it.  We note here that Defendants have yet to provide the accounting required under the SRO.

**Chargebacks.**  It sounds like we are both waiting on Stripe to advise as to whether invoking the SRO in response to all chargebacks is feasible.  Hopefully the answer will be yes.

Please advise if I have misstated any of the foregoing, or omitted any important detail.

Thanks,

A



**Ashley J. Burden**
Senior Trial Attorney/Chicago Regional Office
Division of Enforcement
**Commodity Futures Trading Commission**
O: (312) 596-0693
C:  (312) 995-0779
aburden@cftc.gov

