# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Commodity Futures Trading Commission, | ) ) ) ) Civil Action No. 3:23-cv-11808 |
| Plaintiff, | ) ) ) |
| v. | ) ) Judge Zahid N. Quraishi ) |
| Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi, | ) Magistrate Judge Tonianne ) Bongiovanni ) ) ) ) Plaintiff CFTC's Opposition to ) Defendants' Request for Protective |
| Defendants. | ) Order ) |

i

## TABLE OF CONTENTS

I)  Background ................................................................................................ 1

II) Legal Standard .......................................................................................... 3

III) Argument .................................................................................................. 4

   A)  The Court's Expedited Discovery Order Authorizes the CFTC's Deposition Requests and the Scope of the Requests Are Proper Under the Law ............................................................................................................. 4

   B)  Defendants Fail to Show Good Cause for a Protective Order ............ 8

IV) Conclusion ............................................................................................... 10

# TABLE OF AUTHORITES

**Cases**

*Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108 (3d Cir. 1986) ...................................... 3

*EXL Labs. LLC v. Egolf*, No. 10-6282, 2010 WL 5000835 (E.D. Pa. Dec. 7, 2010) ..... 6

*Flatiron Crane Operating Co., LLC. v. Adkins*, No. 5:23-CV-02396-JMG, 2023
   WL 4565470 (E.D. Pa. July 17, 2023) ................................................................. 7, 8

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995) ................................... 3

*Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 WL
   4478477 (D. Del. Sept. 26, 2011) ........................................................................... 5

*Phila. Newspapers Inc. v. Gannett Satellite Info. Network, Inc.* No. 98-CV-2782,
   1998 WL 404820 (E.D. Pa. July 15, 1998) ............................................................. 6

*Sandhills Glob., Inc. v. Garafola*, No 19-17225 (MAS) (TJB), 2019 WL 4143015
   (D.N.J. Aug. 30, 2019) ............................................................................................ 6

*SEC v. Cavanagh*, 1 F. Supp. 2d 337, (S.D.N.Y.1998) ................................................ 6

*SEC v. Compania Internacional Financiera S.A.*, 11 Civ. 4904(DLC), 2011 WL
   3251813 (S.D.N.Y. July 29, 2011) .......................................................................... 6

*SEC v. Dalius*, No. CV 18-08497-CJC(EX), 2018 WL 11363498 (C.D. Cal. Oct. 11,
   2018) ..................................................................................................................... 7, 8

*SEC v. Prater*, 289 F. Supp. 2d 39, (D. Conn. 2003) .................................................. 6

**Statutes**

7 U.S.C §§ 1-26 .............................................................................................................. 1

**Regulations**

17 C.F.R. pts. 1-19 ......................................................................................................... 1

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") hereby submits its opposition to Defendants' request for a protective order to bar the CFTC from deposing Defendant Kazmi or his companies on the merits of the case in preparation for the upcoming contested preliminary injunction hearing on October 11, 2023, (Dkt. 76).

As explained below, Defendants' motion fails to establish good cause for the protective order they seek. The Court already properly granted the CFTC expedited discovery, (Dkt. 10, hereinafter "Expedited Discovery Order") to, among other things, take depositions on an expedited basis "for the purposes of. . .preparing for a hearing on the CFTC's Motion for Preliminary Injunction" (*id.* at 2 (emphasis supplied). Defendants have confirmed that they intend to dispute the preliminary injunction on the merits and, therefore, the CFTC's request to depose Defendants on the merits falls squarely within the Court's Expedited Discovery Order; it comports with the standard for expedited discovery; and Defendants fail to establish any good cause basis for protection against such depositions. The Court should deny Defendants' motion.

**I)  Background**

On August 28, 2023, the CFTC, the independent federal regulatory agency charged by Congress with administering and enforcing the Commodity Exchange Act ("Act"), 7 U.S.C §§ 1-26, and Commission Regulations ("Regulations"), 17 C.F.R. pts. 1-19, filed this action against Defendant Murtuza Kazmi and his two companies, Defendants Traders Global Group Inc., a New Jersey corporation, and

1

Traders Global Group Inc., a Canadian business organization (together, "Traders Global," and with Kazmi, collectively, "Defendants"). (Compl., Dkt. 1.) The Complaint alleges that, from at least November 1, 2021, Defendant Kazmi and Traders Global, have engaged, and are continuing to engage, in a large-scale fraud scheme involving leveraged foreign exchange ("forex") and leveraged commodity transactions with retail customers in violation of the Act and Regulations. (*Id.*) The CFTC also filed an *ex parte* motion for statutory restraining order and preliminary injunction, (SRO & PI Motion, Dkt. 7), and an *ex parte* motion for expedited discovery, (Dkt. 6.)

On August 29, 2023, the Court entered an order granting the CFTC's motion for an *ex parte* statutory restraining order, appointment of a temporary receiver, and other equitable relief. (Dkt. 13.) It also entered the Expedited Discovery Order, which permits the CFTC to, among other things, take depositions on an expedited basis "for the purpose of obtaining Defendants' financial records, discovering the identity of Defendants customers and the whereabout of customer funds, and preparing for a hearing on the CFTC's Motion for Preliminary Injunction." (Dkt. 10 at 2 (emphasis supplied).)

The CFTC's request for a preliminary injunction remains pending, with a hearing scheduled for October 11, 2023. (Dkt. 37.) Defendants' counsel has confirmed that Defendants intend to dispute the request on the merits. (Dkt. 76-7 at 3.) To prepare for the hearing and pursuant to the Expedited Discovery Order, the CFTC has issued deposition notices to Defendant Murtuza Kazmi in his

personal capacity, and Rule 30(b)(6) notices to Traders Global (for which Defendants have designated Defendant Kazmi to testify). (Dkt. 76.3–76.6.) During meet-and-confers between he parties, Defendants' counsel informed the CFTC that Defendants refuse to answer any questions on the merits of the complaint and, instead, "Mr. Kazmi will only testify" as to "the existence and location of Defendants' assets' and 'the identifies of Defendants' customers.'" (Dkt. 76-7 at 3.) Defendants now seek a protective order to bar the CFTC from deposing Defendants on the merits prior to a Rule 26(f) conference. (Dkt. 76.)

## II)   Legal Standard

To obtain a protective order from discovery, a movant "must show good cause by demonstrating particular need for protection." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). The movant must establish "good cause" with specificity and "'[b]oad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support good cause showing. *Id.* at 1121. In evaluating a request for a protective order, a court will balance the parties' interests by considering such factors as (i) "whether the information is being sought for a legitimate purpose or for an improper purpose"; (ii) whether disclosure will "promote fairness and efficiency"; (iii) "whether a party benefiting from the order is a public entity"; and (iv) "whether the case involves issues important to the public." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

**III) Argument**

    **A)   The Court's Expedited Discovery Order Authorizes the CFTC's Deposition Requests and the Scope of the Requests Are Proper Under the Law**

Defendants argue that the Court's Expedited Discovery Order does not permit the CFTC to depose Defendants on the merits of the case; they also insist that the law does not support such expedited discovery here. (Dkt. 76 at 2–5.) Defendants are wrong as to both.

The Court's Expedited Discovery Order found that, under the circumstances of this case, "good cause exists for the CFTC's expedited discovery requests because the material sought is necessary to permit the CFTC to discover the existence and location of Defendants' assets and the identities of Defendants' customers, and to allow the parties to prepare adequately for such hearings as the Court may conduct in this matter." (Dkt. 10 at 1–2.) Therefore, by its plain language, it grants the CFTC the right to take expedited discovery beyond just the existence and location of Defendants' assets and identities of Defendants' customers.

Here, Defendants informed the CFTC that they plan to oppose entry of a preliminary injunction and to dispute it on the merits during the hearing. (Dkt. 76-7 (email from Defendants' counsel confirming that he believes that "[a]n evidentiary hearing is necessary before the Court can rule on the CFTC's motion for a preliminary injunction because the CFTC's likelihood of success on the merits hinges on disputed factual issues.").) Defendants are fully within their rights to oppose the CFTC's motion for preliminary injunction and they remain free to attempt to refute the merits. But, the Expedited Discovery Order gives the CFTC

the right to seek expedited discovery to allow it to prepare for such a contested hearing.[1]  And under these circumstances, it is certainly important and proper that the CFTC depose Defendants on the merits of those claims, specifically, and not just on the location and source of their assets or the identities of customers.  After all, not only are Defendants central to many of the CFTC's factual allegations underlying its request for a preliminary injunction, but such deposition testimony may focus the scope of disputed issues for the Court to consider at the hearing.

Next, Defendants also suggest that, regardless of what the Expedited Discovery Order permits, the standard for expedited discovery does not support the CFTC's request to depose Defendants on the merits.  Again, not so.  A litigant may seek expedited discovery if it has "good cause" and the "request is 'reasonable' in light of the relevant circumstances."  *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011).  In determining if a request is "reasonable," courts look at factors such as "1) the timing and context

---

[1] Defendants also suggest that the CFTC has taken the position that only it may obtain discovery in advance of the Preliminary Injunction hearing. (Dkt. 76 at 3.)  That is inaccurate.  Instead, the CFTC merely clarified to Defendants that the Court's Expedited Discovery Order only applies to the CFTC. (*See* Dkt. 76-13 at 3–4.)  That is indisputable.  Defendants remain free to also seek an order for expedited discovery. They have not.  And, regardless, Defendants acknowledge that they have issued numerous discovery requests to the CFTC, and the CFTC has produced voluminous records to Defendants, and continues to supplement those productions.  (*See* Dkt. 76 at 2; Dkt. 76.8–76.13 (emails from CFTC regarding productions to Defendants, as well as discussing timing for discovery responses.)  Defendants face no discovery inequities in this case. If anything, it is the CFTC that remains disadvantaged since Defendants still have not provided the CFTC with access to the books and records that the Court's Statutory Restraining Order requires, and which is the subject of the CFTC's currently-pending Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt. (Dkt. 48.)  Defendants' failure to give the CFTC the ordered access to their books and records provides another reason why there is good cause for the CFTC to depose Defendants on the merits of the claims in preparation for the Preliminary Injunction hearing.

of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Id*. Courts emphasize that "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Sandhills Glob., Inc. v. Garafola*, No 19-17225 (MAS) (TJB), 2019 WL 4143015, at *2 (D.N.J. Aug. 30, 2019) (quoting *Phila. Newspapers Inc. v. Gannett Satellite Info. Network, Inc.,* No. 98-CF-2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998)); *see also, e.g., EXL Labs. LLC v. Egolf*, No. 10-6282, 2010 WL 5000835, at *8 (E.D. Pa. Dec. 7, 2010) ("Expedited discovery is particularly appropriate where a plaintiff seeks injunctive relief").

Further, regarding the scope of the CFTC's requests, it is well settled that government agencies like the CFTC may take a defendant's merits depositions ahead of a contested preliminary injunction hearing. *See, e.g., SEC v. Compania Internacional Financiera S.A.*, 11 Civ. 4904(DLC), 2011 WL 3251813, at *1, 10 (S.D.N.Y. July 29, 2011) (examining a defendant's deposition testimony on the merits that the SEC took shortly before the preliminary injunction hearing); *SEC v. Cavanagh*, 1 F. Supp. 2d 337, 353 (S.D.N.Y.1998), *aff'd*, 155 F.3d 129 (2d Circ. 1998) (granting SEC's motion for preliminary injunction based, in part, on deposition testimony the SEC took of Defendant after it filed suit); *cf. SEC v. Prater*, 289 F. Supp. 2d 39, 51 (D. Conn. 2003) (holding that in seeking a preliminary injunction, the SEC had the right "in an expedited fashion to learn the truth behind Defendants' business activities" by deposing Defendants and seeking other

6

discovery, and finding the SEC's effort "has been thwarted by Defendants" because they, among other things, took the Fifth Amendment, refused to attend a deposition and failed to produce discovery).

In arguing to the contrary, Defendant rely on two cases: *Flatiron Crane Operating Co., LLC. v. Adkins*, No. 5:23-CV-02396-JMG, 2023 WL 4565470 (E.D. Pa. July 17, 2023); and *SEC v. Dalius*, No. CV 18-08497-CJC(EX), 2018 WL 11363498 (C.D. Cal. Oct. 11, 2018). (*See, generally,* Dkt. 76.) These cases are not only inapposite, but Defendants mis-construe their holdings.

*Flatiron* merely stands for the unsurprising proposition that a court is unlikely to grant expedited discovery when there is no preliminary injunction pending. In fact, in denying the private plaintiff's request for, the court emphasized that the expedited discovery request was made "without a pending preliminary injunction hearing or motion." *Flatiron*, 2023 WL 4565470, at *1. That is not the case here.

Defendants also suggest that *Flatiron* held that expedited discovery can never relate to the merits of a case. (*See* Dkt. 76 at 3 (quoting *Flatiron*, 2023 WL 4565470, at *4 to argue that "expedited discovery cannot 'encompass[] all of the Complaint's allegations,' even if a motion for a preliminary injunction is pending.").) But *Flatiron* held no such thing. Instead, *Flatiron* involved a private suit in which the plaintiff sought, on an expedited basis, full discovery including the completion of all depositions and responses to all written discovery requests. *Id.*, at *3. The *Flatiron* Court merely held that *full* merits discovery on an expedited schedule

7

(even if there were a pending preliminary injunction motion) likely goes too far. Here, the CFTC does not seek full fact discovery on expedited basis. It only seeks to depose Defendants on the merits. Simply put, nothing about the inapposite *Flatiron* decision suggests that the scope of the CFTC's request here is overly broad.

Defendants reliance on *SEC v. Dalius*, 2018 WL 11363498, is equally improper. Defendants suggest that *Dalius* held that a government agency is not entitled to expedited discovery if it conducted an extensive pre-suit investigation. (Dkt. 76 at 3.) It held no such thing.[2] Instead, the *Dalius* Court denied the Securities and Exchange Commission's ("SEC") request to depose the defendants on an expedited basis because, among other things, it found that the SEC had already deposed the defendant and multiple employees of the defendant as part of its pre-suit investigation. *Id.* at *2, 6. Here, in contrast, the CFTC has not already deposed Defendants or otherwise subpoenaed them. The *Dalius* holding does not apply here.

### B) Defendants Fail to Show Good Cause for a Protective Order

As set out above, the CFTC has a legitimate and proper purpose for seeking to depose Defendants on the merits prior to the preliminary injunction hearing and doing so promotes fairness and efficiency. Defendants arguments to the contrary fail. Further, the Court already found that there is good cause to grant the CFTC

---

[2] Defendants' proposed rule would lead to absurd results. It would essentially bar government entities from ever seeking expedited discovery, because a government agency always will have conducted a pre-suit investigation sufficient to gather the necessary prima facie evidence to support the requested restraints. Such a result would be entirely at odds with the standard for expedited discovery.

the right to take expedited discovery to allow it to prepare for the preliminary injunction hearing.

Defendants' only other argument in support of their motion is that a deposition on the merits may unduly burden them because they do not know if there are parallel criminal investigations pending against them. (Dkt. 76 at 4.) Defendants cite no case that holds a governmental agency may not take a civil defendant's merits deposition just because the defendant fears there may be a criminal investigation against him. The CFTC has also now agreed to two extensions to the preliminary injunction hearing at Defendants' request so that their counsel may familiarize themselves with the allegations. Overall, any concern Defendant Kazmi has about his criminal exposure remains the same regardless of whether the CFTC deposes him on the merits now or later, so it is no greater burden now than it will be in the future.

Finally, in a conclusory sentence, Defendants suggest that, even as to their financial assets and customer identities, they "should also be afforded the option to submit declarations under penalty of perjury on these same topics in lieu of an expedited deposition" in order to "avoid undue burden and expense." (Dkt. 76 at 4.) They provide no legal basis for this request, however, nor do they explain why this would be less burdensome or expensive. To the contrary, such a process would be wholly inefficient and ineffectual. It would undoubtedly require repeated protracted follow-ups to clarify statements. It would also deprive the CFTC of the right to test Defendants' statements, and ask additional questions in an efficient and thorough

9

manner.  In all, such a process would be more burdensome and less effective for all parties than simply having Defendants sit for depositions.  Defendants' request here is merely an improper attempt to testify about what they want while avoiding questions they prefer not to answer.

**IV)    Conclusion**

The Expedited Discovery Order properly granted the CFTC the right to take expedited discovery, including depositions, for the purposes of preparing for the preliminary injunction.  Given the upcoming contested preliminary injunction hearing, the CFTC's limited request to depose Defendants on the merits of the case is reasonable and proper, and it does not unduly burden Defendants.  Defendants' have not established good cause for the protective order they seek.  The Court should deny their request.

October 2, 2023                          s/ *Katherine S. Paulson*
                                                    Commodity Futures Trading Commission
                                                    Plaintiff
                                                    77 West Jackson Blvd., Suite 800
                                                    Chicago, IL 60604

Ashley J. Burden
Senior Trial Attorney
Division of Enforcement
Office: (312) 596-0693
Cell: (312) 995-0779
aburden@cftc.gov

Katherine S. Paulson
Trial Attorney
Division of Enforcement
Office: (312) 554-4559
kpaulson@cftc.gov

Elizabeth M. Streit
Chief Trial Attorney
Division of Enforcement
Office: (312) 596-0537
estreit@cftc.gov

11

<u>CERTIFICATE OF SERVICE</u>

      I, Katherine S. Paulson, hereby certifies that I filed **Plaintiff CFTC's Opposition to Defendants' Request for Protective Order** through the CM/ECF system for the U.S. District Court for the District of New Jersey, which automatically served the counsel of record through electronic mail.

October 2, 2023                                      s/ *Katherine S. Paulson*