**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7221**

WRITER'S EMAIL ADDRESS
anthonystaltari@quinnemanuel.com

October 9, 2023

Hon. Zahid N. Quraishi, District Judge
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4W
Trenton, NJ 08608

Re:   *CFTC v. Traders Global Group Inc., et al.*, Case No. 3:23-cv-11808-ZNQ-TJB

Dear Judge Quraishi:

We write on behalf Traders Global Group Inc., a New Jersey corporation doing business as "My Forex Funds," Traders Global Inc., a Canadian business organization, and Murtuza Kazmi (collectively, "Defendants") in the matter referenced above.  On October 9, 2023, Anthony Sodono, III (the "Temporary Receiver") requested leave of this Court, via letter (ECF 90), to file a sur-reply in opposition to Defendants' Emergency Motion to Modify the *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief (the "Motion") (ECF 42).  The Temporary's Receiver late request for a sur-reply should be denied.

First, the Temporary Receiver already filed a response to Defendants' Motion on September 22, 2023 (ECF 66), making the requested sur-reply unnecessary. *Metex Mfg. Corp. v. Manson*, 2006 WL 8458256, at *8 (D.N.J. Aug. 8, 2006) (denying request to file sur-reply where the movant "demonstrated no extraordinary circumstances justifying the proposed sur-reply, and because [the movant] already had an opportunity in its opposition brief to provide full disclosure and to preserve the record").  The Court has already received papers from all parties in response to Defendants' Motion, and the Temporary Receiver is not entitled to another bite at the apple. *See Foster v. Ashcroft*, 2006 WL 1995305, at *3 (D.N.J. July 14, 2006) ("A surreply is not an opportunity to rectify a woefully inadequate original brief or raise issues that should rightly have been addressed therein.").

Second, the Temporary Receiver's request is untimely.  Defendants filed a reply in support of the Motion on September 26.  The Temporary Receiver does not explain why it took him nearly two weeks thereafter to request a sur-reply from the Court.  The fact that the Temporary Receiver waited another eleven days to request a sur-reply even after Chambers advised him on September 28 that doing so would be necessary shows that this is not a serious request.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Third, the Temporary Receiver offers no specific reasons justifying a late sur-reply, other than a vague reference to "a complete and accurate recitation of the facts." Because the Temporary Receiver did not submit a proposed sur-reply to the Court, there is no indication that any further briefing from the Temporary Receiver would be useful, and it is not at all clear which additional "facts" the Temporary Receiver intends to raise. For these reasons, the Temporary Receiver's request should be summarily denied. *Kleinberg v. Clements*, 2012 WL 1019290, at *9 (D.N.J. Mar. 23, 2012) (denying request to file sur-reply where movant "failed to state the particular reasons why he needed to file a sur-reply; and [] he failed to include a brief in support of his motion, or a statement that no brief is necessary").

Fourth, granting the Temporary Receiver leave to file a sur-reply would prejudice Defendants. Defendants filed their Motion on an emergency basis, as is permitted under Rule 65(b)(4) of the Federal Rules of Civil Procedure, because the Temporary Receiver failed to take timely and necessary action to preserve the value of the receivership estate, and as a result of the Temporary Receiver's dereliction, millions of dollars in assets have already been lost. Further, the egregiously overbroad *ex parte* statutory restraining order currently in effect (ECF 13) violates due process, is not permissible under the Commodity Exchange Act, and wrongfully deprives Defendants of funds necessary to pay for the preservation of the estate (*e.g.*, mortgage, insurance, and security), living expenses for Mr. Kazmi's family (*e.g.*, groceries, utilities, and medical treatment), and legal expenses to defend against the CFTC's serious allegations. ECF 42, 73. The Temporary Receiver already had an opportunity to respond to Defendants' emergency Motion, and any further delays will compound significant, ongoing financial harm to Defendants.

Fifth, the Temporary Receiver's request for a sur-reply betrays his bias in favor of the CFTC to continue the unlawful statutory restraining order. Since this case began, the Temporary Receiver has sided with the CFTC to consolidate his power over Defendants' assets and to ensure that the receivership estate remains available as an income source to him and his affiliates. *E.g.*, ECF 48 (filing joint motion with CFTC advocating for seizure of Defendants' assets). The Temporary Receiver is supposed to sit on the sidelines of legal disputes between Defendants and the CFTC, but instead, he continues to dissipate Defendants' assets by inappropriately submitting partisan briefs. For this reason, too, his request for a sur-reply should be rejected.

Sixth, the Temporary Receiver did not seek Defendants' position before seeking leave of the Court to file a tardy sur-reply. The Temporary Receiver's failure to attempt to meet and confer in good faith on this issue also warrants denial of his late request.

In sum, the Temporary Receiver's request for leave to file a sur-reply should be denied because it is unnecessary, untimely, unsupported by specific facts, prejudicial to Defendants, and violative of his supposed neutrality. Defense counsel can be available to discuss further at the Court's request.

Respectfully submitted,
*/s/ Anthony J. Staltari*_____
Anthony J. Staltari
AJS:DSS
cc:     All counsel of record via CM/ECF