

75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial:  (973) 721-5030**
splacona@msbnj.com
15292-001

October 10, 2023

<u>Via ECF</u>
Honorable Zahid N. Quraishi
United States District Court Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4W
Trenton, NJ  08608

   Re: Commodity Futures Trading Commission v. Traders Global Group, Inc., *et al.*
     Civil Action No. 3:23-cv-11808

Dear Judge Quraishi:

  As Your Honor is aware, this firm is counsel to Anthony Sodono, III, the Temporary Receiver appointed in the above-captioned matter. The Temporary Receiver hates to belabor this Court with an unnecessary writing campaign, however, it is necessary to correct Defendants' most recent submission to the Court [ECF 91] and the inaccurate and caustic statements therein.

  While Defendants are correct that the Temporary Receiver filed a reply [ECF 66] to the Defendants' Emergency Motion on Shortened Notice, Pursuant to F.R.C.P. 65(b)(4) to Modify the *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief (the "Motion") [ECF 42], unfortunately, Defendants' Reply the ("Reply") [ECF 73] moves to, among other things, terminate the Temporary Receiver because he allegedly "failed to preserve the Defendants' assets" and has "colluded with the CFTC to advance his own pecuniary interest."  <u>See</u> Reply.

  Pursuant to Local Civil Rule 7.1(d)(6), "No sur-replies are permitted without permission of the Judge to whom the case is designed."  That is why the undersigned contacted Your Honor's chambers on or about *September 28, 2023*, to request the opportunity for the Temporary Receiver to file a response to the Reply by October 9, 2023.  Chambers advised that filing a response was permissible but to file a letter with the response advising the reason for filing it.  Thus, contrary to Defendants' wrong assertion that it "took him [Receiver] nearly two weeks thereafter to request a sur-reply from the Court." the Temporary Receiver acted immediately. Again, contrary to Defendants' allegation that the Temporary Receiver "waited another eleven days to request a sur-reply…" is not true.  The undersigned called chambers on October 6, 2023, to inquire whether or not there would be oral argument on the Motion.

  The egregious allegations and serious request to terminate the Temporary Receiver necessitates a sur-reply from the Temporary Receiver.  Defendants cannot tell half-truths and expect the Temporary Receiver to not respond.  It is apparent that the Defendants do not want this Court to hear the complete and accurate facts.  Instead, they want to sensationalize their submission by "mimicking" the Court's warning that the Receiver was siding with the CTFC.  Although that is entirely untrue, the Defendants have nothing else to hang their "hat on."  The Temporary Receiver's submission will expose the Defendants' serious deficiencies.

October 10, 2023
Page 2

      Allowing the Temporary Receiver to file a sur-reply would not prejudice the Defendants in any manner. It is interesting that Defendants allege the Temporary Receiver "failed to take timely and necessary action to preserve the value of the receivership estate, and as a result of the Temporary Receiver's dereliction, millions of dollars in assets have already been lost." Perhaps the Defendants "forgot" it was their self-inflicted wounds and non-compliance with the Statutory Restraining Order that have caused "timely and unnecessary" action.

      To assert that a sur-reply would be bias in favor of the CFTC is absurd. The Temporary Receiver should have a right to respond to such damning allegations thwarted by the Defendants. The Temporary Receiver has communicated more with Defendants' counsel overall in an effort to assist reaching a resolution on disputes concerning expenses, chargeback issues and many other concerns. The Temporary Receiver has no skin in the game so to suggest he is one sided is a break from reality. The Temporary Receiver has worked daily to protect and preserve the assets of this estate and gain access to numerous passcodes.

      Accordingly, the Temporary Receiver respectfully requests that Your Honor grant him request for leave of Court to file his Response.

      Thank you for the Court's courtesies.

      Respectfully submitted,

      */s/ Sari B. Placona*

      Sari B. Placona

**The Court has reviewed the parties' letters regarding the Temporary Receiver's request to file a sur-reply (ECF Nos. 91, 92, 93) by today October 10, 2023. Leave is hereby GRANTED to file a sur-reply by today, limited to no more than five (5) pages.**

**So Ordered this 10th day of October 2023.**

_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

4893-3004-9414, v. 1