Exhibit 4

Anthony J. Staltari (Attorney ID. No. 233022017)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (415) 875-6600
anthonystaltari@quinnemanuel.com

Michael Shaheen, III (*pro hac vice*)
Robert A. Zink (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 538-8000
michaelshaheen@quinnemanuel.com
robertzink@quinnemanuel.com

Dakota Speas (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
dakotaspeas@quinnemanuel.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi<br><br>Defendants. | Civil Action No. 3:23-cv-11808-ZNQ-TJB<br><br>**RESPONSES AND OBJECTIONS OF TRADERS GLOBAL GROUP INC. (NEW JERSEY), TRADERS GLOBAL GROUP INC. (CANADA), AND MURTUZA KAZMI TO TEMPORARY RECEIVER'S SUBPOENAS TO PRODUCE DOCUMENTS** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds," Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi (collectively, "Defendants"), by and through their undersigned counsel, provide the following responses and objections to the September 13, 2023 subpoenas served by the Temporary Receiver, Anthony Sodono, III (the "Temporary Receiver") and the requests for documents therein (the "Requests").[1]

## GENERAL OBJECTIONS

1.     Defendants object to each Request to the extent that it calls for the production of Documents or communications or other disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege, immunity, or doctrine.  Any disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, immunity, law, or rule is inadvertent and shall not constitute a waiver.

2.     Defendants object to the Requests to the extent they do not comply with the Federal Rules, the Local Rules, the Court's standing orders, or any other applicable rules or law.

3.     Defendants object to each Request, and to each Definition, insofar as it contains misstatements of fact and inaccurate assumptions.  Any objection or response to a Request should not be taken as an admission that Defendants accept or admit the existence of any alleged facts set forth or assumed by such Request.  A response to part or all of any Request is not intended to be, and shall not be construed to be, a waiver of any part of any objection to the Request.

4.     Defendants object to the Request to the extent they are merely copied and pasted from the Statutory Restraining Order (ECF 13) in effect in this case and make no attempt to reasonably limit the requests to relevant information.

---

[1]  The Temporary Receiver served a subpoena on each of Defendants, however, the appended Requests were the same for each subpoena.  Defendants therefore provide this consolidated response to each of the three subpoenas.

5.      Defendants object to each Request to the extent that it violates the requirement of Federal Rule of Civil Procedure 45(d)(1), which mandates that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

6.      Defendants object to the Requests to the extent they attempt to impose an obligation to execute certain actions, or to create new documents, as opposed to producing existing documents.

7.      Defendants object to each Request to the extent that it seeks Documents and communications that are not in their possession, custody, or control.

8.      Defendants object to each Request to the extent that it seeks Documents and communications that are already in the possession, custody, or control of the Temporary Receiver.

9.      Defendants object to each Request to the extent that it calls for information that is publicly available and therefore as accessible to the Temporary Receiver as to Defendants.

10.      Defendants object to each Request to the extent that it requires the disclosure of trade secrets or confidential, proprietary, or other sensitive information, or information protected from disclosure by any law, court order, or any agreement with respect to confidentiality or non-disclosure.

11.      Defendants object to each Request to the extent that it is overbroad, unduly burdensome, disproportionate to the needs of the case, even to the extent that some of the information demanded is relevant.

12.      Defendants object to each Request to the extent that it is vague, or ambiguous, and/or unintelligible, including to Requests that include capitalized terms that are undefined. Defendants shall apply the ordinary meaning of undefined words in the Requests.

13.     Defendants object to each Request to the extent that it fails to identify with reasonable particularity the Documents or communications sought.

14.     Defendants object to each Request to the extent that it seeks Documents or Communications that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

15.     Defendants object to each Request to the extent it calls for or contains legal conclusions or characterizations of fact.  Any response to or objection to a Request shall not be construed as indicating agreement with any such conclusions or characterizations.

16.     Defendants object to each Request to the extent it seeks to impose arbitrary time parameters or unreasonable time parameters, or no temporal limitations at all.

17.     Defendants object to each Request to the extent it seeks immediate production of responsive documents.  Defendants will review and produce responsive documents, subject to the responses and objections herein, on a rolling basis following a reasonably diligent search.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

Defendants respond as follows to the Requests, incorporating each of the General Objections into each of Defendants' Responses and Objections as if fully rewritten therein.

**REQUEST NO. 1:**

All emails and information about emails (including message content, header information and logs of email usage) and attachments sent and received by the Defendants from 2021 through the present and/or the subject matters of the within Lawsuit.

**RESPONSE TO REQUEST NO. 1:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "subject matters of the within Lawsuit," (3) fails to describe the

demanded information with reasonable particularity, (4) calls for the production of documents that are irrelevant to the claims and defenses at issue in this case, and (5) seeks information or documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents. Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents. The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 2:**

All Document Types as defined herein, including prior drafts, "deleted" files, and file fragments containing information about or related to Infinity and/or the subject matters of the within Lawsuit.

**RESPONSE TO REQUEST NO. 2:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "Infinity," and (3) fails to describe the demanded information with reasonable particularity.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents. Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents. The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 3:**

All files, including prior drafts, "deleted" files, and file fragments containing information from electronic calendars and scheduling programs about or related to Infinity and/or the subject matters of the within Lawsuit.

**RESPONSE TO REQUEST NO. 3:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "Infinity," (3) fails to describe the demanded information with reasonable particularity, and (4) is duplicative of other Requests herein.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents.  Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents.  The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 4:**

All electronic data files, including prior drafts, "deleted" files, and file fragments about or related to Infinity and/or the subject matters of the within Lawsuit.

**RESPONSE TO REQUEST NO. 4:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "Infinity," (3) fails to describe the demanded information with reasonable particularity, and (4) is duplicative of other Requests herein.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to

August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents. Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents. The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 5:**

All records relating or referring to the business activities and business and personal finances of the Defendants.

**RESPONSE TO REQUEST NO. 5:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, including to the extent it incorporates the undefined, virtually limitless phrase "relating or referring to," (2) is vague and ambiguous by failing to define "records," "business activities," or "business and personal finances," (3) fails to describe the demanded information with reasonable particularity, and (4) seeks information or documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents. Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents. The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 6:**

All identification numbers and other identifying information for websites, cloud storage services, email and smartphone accounts, online chat and messaging services, and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures

commission merchant) owned, controlled or operated by Defendants, or to which the Defendants have access.

**RESPONSE TO REQUEST NO. 6:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) calls for the production of documents that are irrelevant to the claims and defenses at issue in this case, and (3) calls for the creation of documents that do not already exist.

Defendants have already provided access credentials to the Temporary Receiver; counsel can meet and confer about other specific credentials the Temporary Receiver is seeking.

**REQUEST NO. 7:**

List of all passwords to, and the location, make and model of, all computers and/or mobile electronic devices (including cell phones) owned and/or used by Defendants in connection with their business activities and business and personal finances; or any consent required by a third-party service provider to access or obtain Defendants' electronic communications or other electronic records stored or maintained with a third-party service provided.

**RESPONSE TO REQUEST NO. 7:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "business activities" or "business and personal finances," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) calls for the production of documents that are irrelevant to the claims and defenses at issue in this case, and (6) calls for the creation of documents that do not already exist.

Defendants have already provided access credentials to the Temporary Receiver; counsel can meet and confer about other specific credentials the Temporary Receiver is seeking.

**REQUEST NO. 8:**

Detailed and complete schedule of all passwords to, and the location, make and model of, all computers and mobile electronic devices owned and/or used by Defendants in connection with their business activities and business and personal finances. The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer and/or mobile device and all passwords necessary to access and use the software contained on the computer and/or mobile device; all cell phone numbers in connection with any phones owned by the Defendants.

**RESPONSE TO REQUEST NO. 8:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "business activities" or "business and personal finances," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) is duplicative of other Requests herein, (6) calls for the production of documents that are irrelevant to the claims and defenses at issue in this case, and (7) calls for the creation of documents that do not already exist.

Defendants have already provided access credentials to the Temporary Receiver; counsel can meet and confer about other specific credentials the Temporary Receiver is seeking.

**REQUEST NO. 9:**

List of all Defendants' assets.

**RESPONSE TO REQUEST NO. 9:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "assets," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control

of, Defendants, (5) improperly imposes an obligation on Defendants to create documents, and (6) is duplicative of other Requests herein.

**REQUEST NO. 10:**

List of all Defendants' records connection with their business activities and business and personal finances, including but not limited to, all records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendants.

**RESPONSE TO REQUEST NO. 10:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "business activities" or "business and personal finances," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) improperly imposes an obligation on Defendants to create documents, and (6) is duplicative of other Requests herein.

**REQUEST NO. 11:**

List of all assets belonging to members of the public now held by the Receivership Defendants, except to the extent that doing so would violate an existing freeze, injunction, or other similar hold imposed by a foreign agency or regulator, including but not limited to the OSC or Canadian courts.

**RESPONSE TO REQUEST NO. 11:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "assets," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control

of, Defendants, (5) improperly imposes an obligation on Defendants to create documents, and (6) is duplicative of other Requests herein.

**REQUEST NO. 12:**

All keys, passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants related to their business activities and business and personal finances, including, but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices, or other property.

**RESPONSE TO REQUEST NO. 12:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "business activities" or "business and personal finances," (3) fails to describe the demanded information with reasonable particularity, and (4) is duplicative of other Requests herein.

Defendants have already provided access credentials to the Temporary Receiver; counsel can meet and confer about other specific credentials the Temporary Receiver is seeking.

**REQUEST NO. 13:**

List identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

**RESPONSE TO REQUEST NO. 13:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "assets," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) improperly imposes an obligation on Defendants to create documents, and (6) is duplicative of other Requests herein.

**REQUEST NO. 14:**

List of all passwords required to access any computer or electronic files in any medium; disabling any two-factor authentication for accounts; providing any necessary consent to access electronic communications or other electronic materials maintained with third-party service providers; and discharging the responsibilities of the Temporary Receiver under this Order, and advising all persons who owe debts to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

**RESPONSE TO REQUEST NO. 14:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "debts," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) improperly imposes an obligation on Defendants to create documents, and (6) is duplicative of other Requests herein.

**REQUEST NO. 15:**

Copies of all records pertaining to any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

**RESPONSE TO REQUEST NO. 15:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, including to the extent it incorporates the undefined, virtually limitless phrase "pertaining to," (2) is vague and ambiguous by failing to define "records" or "account or asset," (3) fails to describe the demanded

information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) is duplicative of other Requests herein, and (6) is unintelligible.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents. Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents. The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 16:**

Any and all records related to business activities or business or personal finances of Defendants to the Temporary Receiver.

**RESPONSE TO REQUEST NO. 16:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, including to the extent it incorporates the undefined, virtually limitless phrase "related to," (2) is vague and ambiguous by failing to define "records," "business activities," or "business or personal finances," (3) fails to describe the demanded information with reasonable particularity, and (4) is duplicative of other Requests herein.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents. Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents. The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 17:**

Detailed accounting of all assets, including the assets inside and outside of the United States that are held by each and every Defendant, for their benefit, or under their direct or indirect control, whether jointly or singly, and the location of all records of the Receivership Estate.

**RESPONSE TO REQUEST NO. 17:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "assets," (3) fails to describe the demanded information with reasonable particularity, (4) improperly imposes an obligation on Defendants to create documents, and (5) is duplicative of other Requests herein.

**REQUEST NO. 18:**

Provide the Temporary Receiver access to all records of accounts or assets of the Defendants held by financial or brokerage institutions located within or outside the territorial United States by signing any necessary consent forms. Furthermore, please provide the following information:

**RESPONSE TO REQUEST NO. 18:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "access," "records," or "assets," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) improperly imposes an obligation on Defendants other than to produce DOCUMENTS within their possession, custody, or control, or to permit inspection of premises, (6) improperly imposes an obligation on Defendants to sign documents as opposed to producing documents, (7) is duplicative of other Requests herein, and (8) is unintelligible.

**REQUEST NO. 19:**

Copies of all insurance policies including riders for any and all assets of the Defendants including, but not limited to, homes and vehicles.

**RESPONSE TO REQUEST NO. 19:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, and (2) is vague and ambiguous by failing to define "assets."

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will produce responsive, non-privileged copies of all insurance policies for Defendants' assets in Defendants' possession that they locate following a reasonable search.

**REQUEST NO. 20:**

List the owner of each home owned by the Defendants.

**RESPONSE TO REQUEST NO. 20:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "home," and (3) improperly imposes an obligation on Defendants to create documents.

**REQUEST NO. 21:**

List the addresses of each home owned by the Defendants.

**RESPONSE TO REQUEST NO. 21:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "home," and (3) improperly imposes an obligation on Defendants to create documents.

**REQUEST NO. 22:**

Mortgage statements for each home owned by the Defendants.

**RESPONSE TO REQUEST NO. 22:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, and (2) is vague and ambiguous by failing to define "home."

Without waiving, and subject to the foregoing General and Specific Objections, Defendants have produced a mortgage statement for Mr. Kazmi's home located in Ontario, Canada.  Counsel can meet and confer about additional mortgage documentation the Temporary Receiver is seeking.

**REQUEST NO. 23:**

Any and all loan documents entered into by and/or among the Defendants.

**RESPONSE TO REQUEST NO. 23:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "loan documents," (3) fails to describe the demanded information with reasonable particularity, (4) seeks information that is not within the possession, custody, or control of, Defendants, (5) is duplicative of other Requests herein, and (6) seeks irrelevant information.

**REQUEST NO. 24:**

Copies of any appraisals for any real and/or personal property owned by the Defendants.

**RESPONSE TO REQUEST NO. 24:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "appraisals," and (3) is duplicative of other Requests herein.

**REQUEST NO. 25:**

List the owner of each vehicle owned by the Defendants.

**RESPONSE TO REQUEST NO. 25:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) seeks irrelevant information and (2) improperly imposes an obligation on Defendants to create documents.

**REQUEST NO. 26:**

Copies of Titles to each vehicle owned by the Defendants.

**RESPONSE TO REQUEST NO. 26:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous, and/or unintelligible, by including a capitalized term that is undefined, and (3) is duplicative of other Requests herein.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will produce title documents for each vehicle owned by Defendants, to the extent they can be located following a reasonable search.

**REQUEST NO. 27:**

Confirmation that all social media accounts including, but not limited to, Twitter have been ceased.

**RESPONSE TO REQUEST NO. 27:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is vague and ambiguous by failing to define "social media," (2) is unintelligible by seeking "[c]onfirmation that all social media accounts . . . have been ceased," (3) fails to describe the demanded information with reasonable particularity, and (4) improperly imposes an obligation on Defendants to take action other than producing documents.

**REQUEST NO. 28:**

Confirmation that all websites / domains / internet pages controlled by the Defendants have been shut down.

**RESPONSE TO REQUEST NO. 28:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is vague and ambiguous by failing to define "shut down,"  and (2) improperly imposes an obligation on Defendants to take action other than producing documents.

**REQUEST NO. 29:**

Any and all Documents identifying cell phone numbers for any phones owned by Defendants.

**RESPONSE TO REQUEST NO. 29:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) seeks irrelevant information, (3) is duplicative of other Requests herein, and (4) improperly imposes an obligation on Defendants to create documents.

**REQUEST NO. 30:**

Any and all Documents identifying any and all funds K Tech transferred to Defendants.

**RESPONSE TO REQUEST NO. 30:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, (2) is vague and ambiguous by failing to define "K Tech," (3) fails to describe the demanded information with reasonable particularity, (4) calls for the production of documents that are irrelevant to the claims and defenses at issue in this case, and (5) is duplicative of other Requests herein.

Without waiving, and subject to the foregoing General and Specific Objections, Defendants will provide the Temporary Receiver access to emails dated from January 1, 2021 to

August 28, 2023 that are held on the Microsoft Exchange server for Traders Global Group, after running protocols designed to avoid the inadvertent disclosure of privileged documents.  Any inadvertently produced privileged documents shall be subject to reasonable agreements to "clawback" those documents.  The database for these documents should be made equally available to all parties and paid for by the Temporary Receiver (using funds from the receivership estate).

**REQUEST NO. 31:**

Any and all Documents identifying any and all funds transferred between Defendants and Rizwon Kazmi.

**RESPONSE TO REQUEST NO. 31:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Defendants specifically object to this Request on the grounds that it: (1) is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case, and (2) calls for the production of documents that are irrelevant to the claims and defenses at issue in this case.

DATED: September 27, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By _/s/ Anthony J. Staltari_

Anthony J. Staltari (Attorney ID. No. 233022017)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (415) 875-6600
anthonystaltari@quinnemanuel.com

Michael Shaheen, III (_pro hac vice_)
Robert A. Zink (_pro hac vice_)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 538-8000
michaelshaheen@quinnemanuel.com
robertzink@quinnemanuel.com

Dakota Speas (_pro hac vice_)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
dakotaspeas@quinnemanuel.com

_Attorneys for Defendants_