

75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
**splacona@msbnj.com**
15292-001

October 23, 2023

<u>Via ECF</u>
Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4W
Trenton, NJ  08608

   Re: Commodity Futures Trading Commission
      v. Traders Global Group, Inc., *et al.*
      Civil Action No. 3:23-cv-11808

Dear Judge Quraishi:

  As Your Honor is aware, this firm is counsel to Anthony Sodono, III, the Temporary Receiver ("Temporary Receiver") appointed in the above-captioned matter. Please accept this response of the Temporary Receiver to the October 19, 2023 request ("Request") [ECF 99] of Defendants Traders Global Group Inc., a New Jersey corporation, d/b/a My Forex Funds, Traders Global Group Inc., a Canadian business organization (collectively, "TGG") and Murtuza Kazmi ("Mr. Kazmi") (where appropriate, the TGG entities and Mr. Kazmi will be collectively referred to as "Defendants") [ECF 99] to supplement their briefing in support of their Emergency Motion on Shortened Notice, Pursuant to F.R.C.P. 65(b)(4) to Modify the *Ex Parte* Statutory Restraining Order, Appointment of Temporary Receiver, and Other Equitable Relief (the "Motion"). [ECF 42].

  The Temporary Receiver submits that the correspondence and proposed Brief filed by the Defendants on October 19, 2023 are completely lacking in a material fact, which was highlighted in the Temporary Receiver's Limited Response filed on October 10, 2023 (Brief, page 5, Preliminary Statement and Statement of Relevant Facts, Section (B)). [ECF 94]. Specifically, late in the day on September 27, 2023, the Temporary Receiver learned for the first time that the Ontario Securities Commission ("OSC") took the position that the release of any funds, including payment to contractors for the Stripe chargeback issues ("Chargeback Issue") or payment of personal expenses of Mr. Kazmi, would violate the OSC's freeze directives, even if the funds of the Receivership Estate derived from sources in the United States (or anywhere in the world), unless and until there was a reciprocal agreement for the payment of said funds from the OSC (the "OSC Position"). On the very same day, the Temporary Receiver and his counsel, particularly Norton Rose, began communications with the OSC to resolve the issues and concerns, which actively continue through this date. The Temporary Receiver is pleased to report that the Chargeback Issue was resolved, in part, by authority to release funds in an amount not to exceed $46,610, but that is the only authority provided by the OSC as of this date.

Honorable Zahid N. Quraishi, U.S.D.J.
October 23, 2023
Page 2

While the Temporary Receiver urges the Defendants to be open and transparent on all issues,[1] the Temporary Receiver submits that given the OSC Position, and particularly since some, if not most, are primarily Canadian expenses, the Defendants should be made to disclose certain information previously and repeatedly demanded by the Temporary Receiver.  For instance, the October 19, 2023 submission reveals that the amount of Quinn Emanuel's retainer paid for by a "friend" of Mr. Kazmi, Rafi Alvi ("Mr. Alvi") has been increased from $500,000 to $750,000 ("Retainer Loan").  The Temporary Receiver has made repeated demand for information relating to the Retainer Loan, including whether Mr. Alvi and the Defendants have ever done business together, whether he ever received any payments from the Defendants or its affiliates or family members, the terms of the Retainer Loan, including interest, default terms, whether there is a written loan document and whether it is secured.  For whatever reason, the Defendants refuse to answer these basic questions.

Finally, given the current limited funds on hand by this Estate of approximately $860,000 and *assuming* the Defendants receive authority from this Court *and* Ontario Superior Court of Justice to release *any* funds, the Temporary Receiver opposes any funds being paid from the funds on hand of this Estate.

Thank you for the Court's courtesies.

Respectfully submitted,

*/s/ Sari B. Placona*

Sari B. Placona

cc:   (via ECF and/or email)
      Ashley J. Burden, Esq.
      Elizabeth M. Streit, Esq.
      Katherine Paulson, Esq.
      Anthony J. Staltari, Esq.
      Michael Shaheen, III, Esq.
      Dakota Speas, Esq.

---

[1] It was only after the Temporary Receiver raised the issue in his Limited Response that Mr. Kazmi was paying for personal expenses from his credit cards has it now been disclosed in the Request.

4881-2537-4857, v. 1