**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRADERS GLOBAL GROUP INC, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 23-cv-11808**<br><br>**ORDER APPOINTING SPECIAL MASTER** |

**THIS MATTER** having been raised by the Court *sua sponte*; as the Court advised the parties as part of its decision delivered orally via teleconference on October 26, 2023 that resolved various motions, given the complexity of this suit, the shear volume of filings (over 120 submissions in less than three months), and the litigiousness of the parties; and the Court's expectation that there will continue to be significant discovery disputes and motion practice in the future; and the Court's heavy civil and urgent criminal docket; and the Court's need to focus on the substantive issues related to the pending Motion for Preliminary Injunction in this matter and the hearing scheduled for this Monday, November 6, 2023; and in consultation with Magistrate Judge Bongiovanni, whose docket is already substantial, the Court finds that:

1. Pursuant to Federal Rule of Civil Procedure ("Rule") 53(a)(1)(C), the Court may appoint a special master to "address pretrial and post trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

2. "Although it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues . . . utilization of a master is appropriate to perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing." *Luppino v. Mercedes Benz USA, LLC*, Civ. No. 09-5582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (internal quotation marks and citations omitted).

3. Considering the procedural history of this matter, the complexity of the pending disputes, and the potential for significant discovery disputes in the future, it is both necessary and appropriate to appoint a special master in this case.

Accordingly,

**IT IS** on this **3rd** day of **October 2023 ORDERED** that:

1. Jose L. Linares, U.S.D.J. (Ret.), is appointed as special master pursuant to Rule 53(a)(1)(C).

2. The special master shall oversee the schedule for completion of discovery, all discovery disputes and motions related thereto, and any other matter which in the Court's

discretion the Court refers to the special master for resolution by way of Report and Recommendation to the Court, pursuant to procedures for practice that the special master may establish and modify as necessary. Any appeal of an action or a decision made by the special master shall be filed with the Court in accordance with Rule 53. Appeals of non-dispositive issues shall be resolved by the Magistrate Judge in the first instance. Dispositive issues shall be resolved by the District Judge. The relevant standards of review shall be as set forth in Rule 53.

3. The special master shall address all issues in any pending dispute. The special master shall also address new discovery issues. Upon appointment, the special master shall instruct the parties to provide him with a joint letter that provides a list of open disputes, with citations to the relevant docket entries embodying those disputes. The parties shall also file the joint letter on the docket.

4. The special master shall maintain an understanding of the parties' receptivity to settlement and may engage the parties and their counsel in discussions concerning potential resolution of this matter.

5. The parties shall equally bear the costs relative to the special master's resolution of any dispute. However, for good cause shown, the special master may determine each parties' costs, which shall be proportional, in the special master's good faith estimation, to the services rendered with respect to each party or reasonably based on other factors the special master deems appropriate.

6. The special master shall receive an hourly rate of $1,150 and shall be reimbursed for all reasonable out-of-pocket expenses.

7. To fulfill his responsibility efficiently and cost-effectively, the special master may employ assistant lawyers at the special master's law firm, selected by the special master, under his supervision and control, and utilized at the special master's sole discretion. The assistant lawyers shall each receive an hourly rate that shall not exceed $775. The lawyers who will be assisting the Special Master will be Laura Leacy Kyler (hourly rate of $775), Mark Makhail (hourly rate of $625) and Kevin O'Toole (hourly rate of $425).

8. The special master shall submit invoices for his services, assistant lawyers' services, and out-of-pocket expenses monthly.

9. The special master and his assistant lawyers shall not be subject to subpoena by any party, relating to their services for this case.

10. The special master shall be entitled to communicate ex parte with the Court in his discretion. In connection with the special master's role pursuant to this Order, the parties shall be bound by the same rules of ex parte communications as they are with the Court. The special master may have ex parte communications with attorneys only regarding settlement and non-substantive and solely administrative matters.

11. All substantive hearings may be recorded by a court reporter subject to the special master's preference and agreement of the parties.

12. Consistent with Rule 53(b)(2)(C), the special master shall maintain a written record of his activities pursuant to this Order and the assigned tasks, including:

a. All orders, findings, reports, or recommendations to the Court;
b. Normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon;
c. Any stenographic record;
d. All communications received from parties and non-parties; and
e. All communications with the Court.

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**