**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Michele M. Dudas (mdudas@msbnj.com)
Sari B. Placona, (splacona@msbnj.com)
*Attorneys for Anthony Sodono, III, Temporary Receiver*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRADERS GLOBAL GROUP INC., a New Jersey corporation, d/b/a "My Forex Funds"; TRADERS GLOBAL GROUP INC., a Canadian business organization; and MURTUZA KAZMI,<br><br>Defendants. | Civil Action No. 3:23-cv-11808-ZNQ-TJB<br><br>Return Date: December 4, 2023 |

**APPLICATION IN SUPPORT OF MOTION TO APPROVE FEES AND EXPENSES THROUGH OCTOBER 31, 2023, TO: (1) McMANIMON, SCOTLAND & BAUMANN, LLC, COUNSEL TO TEMPORARY RECEIVER; AND (2) NORTON ROSE FULBRIGHT US LLP AND NORTON ROSE FULBRIGHT CANADA LLP, SPECIAL COUNSEL TO TEMPORARY RECEIVER**

TO:  HONORABLE ZAHID N. QURAISHI
     UNITED STATES DISTRICT COURT JUDGE

Anthony Sodono, III, Temporary Receiver ("Temporary Receiver") for Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds" ("TGG US"); Traders Global Group Inc., a Canadian business organization ("TGG CA"); and Murtuza Kazmi (collectively, "Defendants"), respectfully submits this application for an allowance and payment of fees and expenses through October 31, 2023 (the "Fee Period"), to: (1) McManimon, Scotland & Baumann, LLC, Counsel to Temporary Receiver ("MS&B"); and (2) Norton Rose Fulbright US

and Norton Rose Fulbright Canada LLP (collectively, "NRF") as Special Counsel to Temporary Receiver. In support thereof, the Applicant states:

## INTRODUCTION

1. Since the Commencement Date (defined herein), the Temporary Receiver has been responsible for a wide variety of tasks in furtherance of his responsibilities under the Order Granting Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order (the "SRO"), Appointment of a Temporary Receiver, and Other Equitable Relief entered on August 29, 2023, by the Honorable Robert B. Kugler, U.S. District Court Judge. These tasks are fully set forth in the Report of Anthony Sodono, III, Temporary Receiver Pursuant to Civ. Rule 66.1, *et seq.*, dated October 30, 2023 (the "Report"), and filed at Doc. No. 110. A copy of the Report is annexed as **Exhibit A**.

2. In the course of attending to his tasks, the Temporary Receiver retained: (i) primary counsel, (ii) special counsel; and (iii) accountants. The retention of professionals was necessary to address and make certain the assets under the Temporary Receiver's control were secured and not subject to a diminution in value.

3. This case is in its earliest stages and presents legal and practical issues that are complex and complicated. The Temporary Receiver and his Counsel and Special Counsel have had to address a plethora of difficult issues. The Temporary Receiver has established an infrastructure with his IT team and his counsel. Websites, spreadsheets, accounts, and other critical issues are in place and ready for a new receiver to transition.

4. As Temporary Receiver's primary counsel, MS&B performed a wide variety of legal services in connection with this matter including, but not limited to, the following:

    a. Advised the Temporary Receiver with respect to his powers and duties;

      b.    assisted the Temporary Receiver to conserve, hold, and manage receivership assets and perform acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers including, but not limited to, obtaining an accounting of the assets and preventing the transfer, withdrawal, or misapplication of assets;

      c.    reviewed Plaintiff's initial moving papers including complaint and supporting exhibits (44);

      d.    attended and participated in court hearings;

      e.    multiple daily communications with Plaintiff and counsel to Defendants (the "Parties");

      f.    conferred with Special Counsel and Temporary Receiver in connection with Canadian proceedings and jurisdiction;

      g.    conferred with Special Counsel and Temporary Receiver in connection with access and control of crypto currency accounts maintained by the Defendants;

      h.    attended and participated in multiple calls with the Parties;

      i.    conferred and coordinated with Special Counsel and Temporary Receiver in connection with the action commenced by the Ontario Securities Commission ("OSC") and asset identification and collection;

      j.    communicated with Defendants' counsel regarding insurance, accessing accounts and two-factor authentications, websites, Stripe chargebacks, living expenses, retainer paid to counsel, and service of subpoenas;

      k.    communicated with the Temporary Receiver and Special Counsel in connection with regulatory and other proceedings pending in Canada, including coordinating with OSC and others concerning the consent order with Stripe, Inc. [Doc. No. 79], to address urgent chargeback issues;

      l.    communicated with GoDaddy in connection with Defendants' websites;

      m.    coordinated with IT personnel regarding Defendants' websites and establishing website for Temporary Receiver;

      n.    communicated with Temporary Receiver, Special Counsel, and Confirmo, a Slovakian based cryptocurrency payment-processing company, to secure and safeguard more than $3 million in estate property;

      o.    communicated with Temporary Receiver, Special Counsel, and Coinbase in connection with establishment of a digital "wallet" for Temporary Receiver to take possession of and/or monetize cryptocurrency with an estimated value of more than $16 million;

      p.      reviewed multiple court filings including, but not limited to, extensions of the SRO, Defendants' motion to modify the SRO, Plaintiff's motion for contempt, and declarations of Defendants' counsel;

      q.      reviewed and monitored creditor complaints and compiled list of same; and

      r.      performed such other legal services for the Temporary Receiver as necessary and appropriate.

5.      As Temporary Receiver's special counsel, NRF performed a wide variety of legal services in connection with this matter during the Fee Period including, but not limited to, the following:

      a.      Communicating with Canadian regulators and Defendants' Canadian counsel regarding a number of challenging, time-sensitive issues, and exploring other potential issues related to the recognition of the receivership in Canadian courts;

      b.      analyzing issues concerning cryptocurrencies held by Defendants;

      c.      communicated with Temporary Receiver, Special Counsel, and Confirmo, a Slovakian based cryptocurrency payment-processing company, to secure and safeguard more than $3 million in estate property;

      d.      coordinated establishment of digital "wallet" for the receivership in order to ensure the temporary receiver is ultimately able to take possession of and/or monetize cryptocurrency with an estimated value of more than $16 million;

      e.      representing Temporary Receiver in connection with regulatory and other proceedings pending in Canada, including coordinating with OSC and others concerning the consent order with Stripe, Inc. [Doc. No. 79], to address urgent chargeback issues; and

      f.      filed certain applications with the Capital Markets Tribunal in Toronto to various certain freeze directions issued by OSC to (i) allow Temporary Receiver to use certain assets to pay certain receivership expenses and onshore; and (ii) onshore and safeguard in excess of $3 million estate property held by Confirmo, a Slovakia based cryptocurrency payment-processing company.

## RELEVANT BACKGROUND

6.      On August 28, 2023 (the "Commencement Date"), the U.S. Commodity Futures Trading Commission ("CFTC") filed its Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief against the Defendants. Defendants are alleged to have

engaged in a large-scale fraud scheme involving leveraged, margined, or financed retail foreign exchange and retail commodity transactions in violation of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1-26, and Commission Regulations ("Regulations"), 17 C.F.R. pts. 1-190 (2022).

7. On August 29, 2023, the Court entered the SRO to preserve the status quo, protect the customers of TGG US and TGG CA, and enable the CFTC to fulfill its duties under the Act and the Regulations. Among other things, the SRO "restrained and enjoined" Defendants ". . . from directly or indirectly withdrawing, transferring, removing, dissipating or otherwise disposing of any assets . . . ." [Doc. No. 13, par. 18.]

8. By order dated September 13, 2023, the Temporary Receiver was authorized to employ MS&B as his counsel. [Doc. No. 35]

9. By order dated September 22, 2023, the Temporary Receiver was authorized to employ NRF as his special counsel. [Doc. No. 64]

10. Despite initial resistance, the Temporary Receiver and Defendants worked together to obtain necessary financial information. Ultimately a consent order was entered into (with consent of the OSC) for a chargeback protocol. In addition, despite working on a consent order regarding expenses, the OSC has resisted allowing any funds to be disbursed to the Defendants. The Temporary Receiver, working with his Canadian counsel, continues to negotiate with the OSC. The Temporary Receiver is still waiting for information required by the SRO.

11. As a result of the Temporary Receiver's request to Defendants for any and all information and compliance with the SRO, the Defendants provided login credentials for an account known as BitBuy. Upon information and belief, neither the CFTC nor the OSC was aware of or had any information regarding BitBuy. Through the Temporary Receiver's due

diligence, after accessing the account, the Temporary Receiver discovered there was over $18 million in the BitBuy account. Through the Temporary Receiver's efforts, the OSC effectuated an immediate freeze directive on the BitBuy account.

## **RELIEF REQUESTED**

12. By this application, the Temporary Receiver respectfully seeks an order of this Court, pursuant to L. Civ. R. 54.2, allowing interim fees and expense for the Fee Period as follows:

    a. MS&B the sum of $171,557.20[1] for compensation for services rendered during the Fee Period and the sum of $1,804.33 for reimbursement of expenses incurred during the Fee Period, for a total award of $173,361.53; and

    b. NRF the sum of $92,252.40[2] for compensation for services rendered during the Fee Period.

13. All services performed and expenses incurred by MS&B and NRF for which compensation and reimbursement are requested were performed or incurred for and on behalf of the within estate, were necessary, and were beneficial to the within estate. <u>See</u> Certifications of Sari B. Placona, Esq., and Eric Daucher, Esq., filed in support of the Motion.

**WHEREFORE**, the Temporary Receiver respectfully requests this Court enter an order allowing and authorizing:

    a. The payment to MS&B the sum of $171,557.20 for compensation for services rendered during the Fee Period and the sum of $1,804.33 for reimbursement of expenses incurred during the Fee Period, for a total award of $173,361.53 during the Fee Period; and

---

[1] MS&B has voluntarily reduced its hourly rates by twenty percent (20%), for a total reduction in fees of at least $42,889.30 (exclusive of other "write-offs").

[2] NRF has voluntarily reduced its hourly rates by fifteen percent (15%), for a total reduction of at least $16,146.50 (exclusive of other "write-offs").

      b.    the payment to NRF the sum of $92,252.40 for compensation for services rendered during the Fee.

    Respectfully submitted,

Dated:  November 9, 2023      */s/ Anthony Sodono, III*
    Anthony Sodono, III
    Temporary Receiver for Traders Global Group In., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi