UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRADERS GLOBAL GROUP INC., a New Jersey corporation, d/b/a "My Forex Funds"; TRADERS GLOBAL GROUP INC., a Canadian business organization; and MURTUZA KAZMI,<br><br>Defendants. | Civil Action No. 3:23-cv-11808-ZNQ-TJB |

**CERTIFICATION OF ERIC DAUCHER IN SUPPORT OF
TEMPORARY RECEIVER'S FIRST APPLICATION FOR FEES AND EXPENSES**

ERIC DAUCHER, of full age, hereby certifies, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the law firm of Norton Rose Fulbright US LLP ("NRF US," collectively, along with Norton Rose Fulbright Canada LLP, "NRF") and a member of the firm's Restructuring group based in NRF US's offices located at 1301 Avenue of the Americas, New York, NY 10019-6022. I am an attorney admitted to practice before the courts of the State of New York. I submit this certification (the "Certification") in support of the Application for Fees and Expenses for the Temporary Receiver and the Professional Firms, dated November 9, 2023 (the "Application"),[1] from August 29, 2023 through October 31, 2023 (the "Application Period").

2. Unless otherwise stated, the facts set forth below are based upon my personal knowledge or discussions with other NRF partners, counsels, and/or associates, and client/matter records reviewed by myself or by other NRF professionals and/or paraprofessionals acting under

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

my supervision and direction.

3.      NRF US and Norton Rose Fulbright Canada LLP ("NRF CA") are separate legal entities and are members of Norton Rose Fulbright Verein, a Swiss Verein ("NRF Verein"). NRF Verein helps coordinate the activities of the member firms but does not itself provide legal services to clients.

4.      On August 29, 2023, the Court entered a Statutory Restraining Order (the "SRO") appointing Anthony Sodono, III as Temporary Receiver [ECF No. 13]. On September 22, 2023, the Court entered an order authorizing the Temporary Receiver to employ NRF as special counsel [ECF No. 64] (the "Retention Order").

5.      I supervised or otherwise worked with NRF's other professionals and staff with respect to this representation, as detailed more fully in the billing statements attached as <u>Exhibit 1</u> hereto. I have reviewed NRF's invoices as set forth herein, subject to review by the Commodity Futures Trading Commission (the "CFTC") and approval of the Court.

6.      I understand that NRF has maintained and presented time and expense charges in a manner consistent with the Billing Instructions for Receivers in Civil Actions Commenced by the CFTC (the "CFTC Billing Instructions").

7.      During the Application Period, NRF performed various services for the benefit of the estate. NRF, acting under the Temporary Receiver's direction, performed services related to the administration of the receivership estate, coordination with Canadian courts and authorities, and asset identification and collection. All time records attached hereto reflect time recorded in the regular and ordinary course of administering the receivership estate contemporaneously with the services provided. This case is in its earliest stages and already presents legal and practical issues that are complex and complicated. NRF, together with the Temporary Receiver and his

other professionals, specifically, McManimon, Scotland & Baumann, LLC ("MS&B"), have already had to address a number of difficult issues. I and other professionals and paraprofessionals at NRF understand our duty to provide effective and efficient service for the benefit of the receivership estate and its creditors. Consequently, NRF has divided its time into different billing categories and, during the Application Period, has performed services between the following two billing categories:

    **B110 – Case Administration**

    **B120 – Asset Analysis and Recovery**

8.    As set forth in the Temporary Receiver's application to employ NRF [ECF No. 41], in the best interests of the receivership estate, NRF has agreed to a fifteen percent (15%) discount to its standard hourly rates for all attorneys and paraprofessionals involved in NRF's representation of the Temporary Receiver; the rates set forth in NRF's invoices reflect the above discount. Expenses are billed separately. True and correct copies of the billing statements itemizing the legal services provided and the costs incurred during the Application Period are attached as Exhibit 1.

    **B110 – Case Administration**

9.    As set forth in Exhibit 1, during the Application Period, NRF performed 16.50 hours for total fees of $12,411.10 in connection with the administration of this matter and, generally, the receivership estate.

10.    NRF began working with the Temporary Receiver in early September 2023; since that time, NRF diligently reviewed available documents, including pleadings filed with the Court, freeze directions issued by the Ontario Securities Commission ("freeze directions") relating to assets in the receivership estate, and other information provided by the Temporary Receiver and

MS&B.  NRF's efforts have been focused on issues concerning strategy and immediate goals, in particular, communicating (as needed) with Canadian regulators (*e.g.*, Ontario Securities Commission or OSC) and the Receivership Defendants' Canadian counsel regarding a number of challenging, time-sensitive issues impacting the ability of the Temporary Receiver to discharge his duties, and exploring other potential issues related to the recognition of the receivership in Canadian courts.

11. In addition, NRF has been primarily responsible for analyzing issues concerning certain cryptocurrencies held, owned, or otherwise controlled by the Receivership Defendants and taking steps to allow the Temporary Receiver to obtain and administer such assets in accordance with the SRO.  I coordinated, with the assistance of the Temporary Receiver and MS&B, the establishment of a digital "wallet" for the receivership in order to ensure that the Temporary Receiver is ultimately able to take possession of and/or monetize cryptocurrency with an estimated value of more than $16 million.

**B120 – Asset Analysis and Recovery**

12. As set forth in Exhibit 1, during the Application Period, NRF performed 108.80 hours for total fees of $79,841.30 in analyzing and recovering the estate's assets, and for matters related thereto.

13. NRF reviewed a number of documents and materials filed with the Court and in related Canadian regulatory proceedings in order to help analyze potential issues related to the location and preservation of estate assets.  Among NRF's primary responsibilities is representing the Temporary Receiver in connection with regulatory and other proceedings pending in Canada, including coordinating with OSC and others concerning, among other things, the consent order with Stripe, Inc. [ECF No. 79] to address urgent chargeback issues.  NRF has investigated the

possibility of either applying for and securing the consent of the OSC to vary one of the freeze directions, or obtaining a consent order from the Ontario Superior Court of Justice authorizing the Temporary Receiver to pay some or all of certain receivership expenses, amounts to preserve the value of assets in the receivership estate, certain of the Defendants' living expenses, and to onshore and safeguard more than $3 million of estate property currently held by Confirmo, a Slovakia based cryptocurrency payment-processing company. NRF continues to be actively engaged in discussions with both OSC Staff and Canadian counsel for the Defendants in an effort to obtain relief from the freeze directions.

14. NRF also continues to work with the Temporary Receiver and MS&B concerning various strategic and procedural issues, including obtaining an order from a Canadian court recognizing the receivership in Canada. NRF's efforts to strategize, plan, and coordinate among the various parties concerning difficult cross-border issues and matters are ongoing and are often complicated by the procedural posture of the US receivership proceeding and related Canadian proceedings.

15. In addition, NRF has also helped the Temporary Receiver review materials related to the Receivership Defendants' cryptocurrency holdings, evaluate potential asset-recovery options, and take steps to safeguard those assets for the benefit of the estate. As mentioned above, NRF is currently helping the Temporary Receiver and MS&B take possession of cryptocurrency valued at more than $16 million.

16. To the best of my knowledge, information and belief formed after reasonable inquiry, all the fees and expenses requested in the attached NRF billing statements are true and correct and substantially comply with the CFTC Billing Instructions.

17. The fees that NRF has charged are reasonable, necessary, and commensurate with

the skill and experience required for the activity performed.  NRF's services and time expenditures are reasonable in light of the labor required for the matters for which the Temporary Receiver was appointed and NRF was retained and the balancing that must be performed to efficiently and effectively represent the Temporary Receiver.  NRF respectfully submits that it has not expended time unnecessarily and that it has rendered efficient and effective services.

18. In seeking reimbursement of services for which NRF purchased or contracted for from a third party, if any, NRF has only requested reimbursement for the amount billed by the third-party vendor and paid to the vendor.  NRF has not made a profit on such reimbursable services.  NRF has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay.

I certify that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief.

Dated: November 9, 2023
New York, New York

*/s/ Eric Daucher*
Eric Daucher
Partner
Norton Rose Fulbright US LLP
