Anthony J. Staltari (Attorney ID. No. 233022017)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (415) 875-6600
anthonystaltari@quinnemanuel.com

Robert A. Zink (*pro hac vice*)
Avi Perry (*pro hac vice*)
Kurt Wolfe (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 538-8000
robertzink@quinnemanuel.com
aviperry@quinnemanuel.com
kurtwolfe@quinnemanuel.com

Dakota Speas (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
dakotaspeas@quinnemanuel.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>*Plaintiff*,<br><br>v.<br><br>Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi,<br><br>*Defendants*. | Civil Action No.: 3:23-cv-11808<br><br>**DEFENDANTS' RESPONSE TO TEMPORARY RECEIVER'S MOTION FOR FEES AND EXPENSES** |

Defendants Traders Global Group Inc. (New Jersey), Traders Global Group Inc. (Canada), and Murtuza Kazmi ("Defendants") respectfully submit this response to the Temporary Receiver's Motion to Approve Interim Fees and Expenses. ECF 131. Defendants do not take issue with the *amount* of interim fees and expenses sought by the receiver—$173,361.53 to McManimon, Scotland & Baumann, LLC and $92,252.40 to Norton Rose Fulbright. Defendants request, however, that the Court order plaintiff Commodity Futures Trading Commission ("CFTC") to pay half the total amount ($132,806.96).

The Court recently found that no receiver is necessary, ECF 134 at 28, and discharged the Temporary Receiver, ECF 135 at 2. In Defendants' view, a receiver never was necessary. As the Court is aware, the CFTC's initial *ex parte* motion for a statutory restraining order ("SRO"), asset freeze, and the appointment of a Temporary Receiver was based, in part, on the materially erroneous declaration of CFTC investigator Matthew Edelstein. *See* ECF 134 at 23-26. The CFTC knew or should have known about the error at the time it filed the *ex parte* motion, or shortly thereafter, but failed to correct the error or take any steps to apprise the Court or Defendants of the error. *Id.* To the contrary, the CFTC doubled down. The Court found that "weeks after the CFTC knew that Mr. Edelstein had mischaracterized the tax payments—it specifically relied on Mr. Edelstein's mischaracterization to argue that the SRO should continue to restrain all of Mr. Kazmi's personal assets. . . . The CFTC's failure to disclose or to correct Mr. Edelstein's error, and continued citation to the error even after realizing it was an error, is troubling at best." *Id.* at 25.

In short, the CFTC procured the receiver wrongfully—that is, at least in part, through the submission of, and continued reliance upon, material information it knew to be erroneous. As a remedy, the Court should order the CFTC to pay at least part of the costs incurred by the

Temporary Receiver. "The award of fees in a receivership is entrusted to the discretion of the district court." *CFTC v. Am. Metals Exch. Corp.*, 991 F.2d 71, 79 (3d Cir. 1993). "When a receivership is improper . . ., the party that sought the receivership at times has been held accountable for the receivership fees and expenses." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 311–12 (5th Cir. 2012); *see also Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 276 (9th Cir. 1964) ("The court has [] discretion to charge the receiver's expenses . . . to the party who wrongfully obtained the receiver's appointment."). Defendants propose that splitting the fees and expenses evenly is reasonable under the circumstances here. *See CFTC v. Frankwell Bullion Ltd.*, 99 F.3d 299, 306 (9th Cir. 1996) (finding no abuse of discretion where CFTC "wrongfully obtained" receiver and district court "allocate[ed] seventy-five percent of the receivership costs to the CFTC").

       Before filing this response, defendants requested that the CFTC consent to the requested relief. The CFTC declined to do so.

| | |
|---|---|
| Dated: New York, New York<br>November 17, 2023 | By */s/ Anthony J. Staltari*<br>Anthony J. Staltari (Attorney ID. No. 233022017)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel.: (415) 875-6600<br>anthonystaltari@quinnemanuel.com<br><br>Robert A. Zink (*pro hac vice*)<br>Avi Perry (*pro hac vice*)<br>Kurt Wolfe (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1300 I Street, NW, Suite 900<br>Washington, D.C. 20005<br>Tel.: (202) 538-8000<br>robertzink@quinnemanuel.com<br>aviperry@quinnemanuel.com<br>kurtwolfe@quinnemanuel.com<br><br>Dakota Speas (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 443-3000<br>dakotaspeas@quinnemanuel.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I, ANTHONY J. STALTARI, hereby certify pursuant to 28 U.S.C. 1746 that:

1. I am an attorney employed by the law firm of QUINN EMANUEL URQUHART & SULLIVAN, LLP, attorneys for Defendants in the above-referenced matter.

2. I am a member in good standing of the Bar of this Court.

3. On this date, the foregoing **DEFENDANTS' RESPONSE TO TEMPORARY RECEIVER'S MOTION FOR FEES AND EXPENSES** was filed with the CM/ECF system for the U.S. District Court for the District of New Jersey, thereby effectuating service upon all counsel of record via electronic means.

I certify under the penalty of perjury that the foregoing statements are true and correct. Executed in New York, New York on November 17, 2023.

                                                                          /s/   *Anthony J. Staltari*
                                                                        Anthony J. Staltari